## JOHN D. STEVENSON, Appellant, *v.* DELEVAN O. SHERWOOD, Appellee.

### APPEAL FROM OGLE.

To justify the continuance of a cause by reason of the absence of a witness, something more than the writing of letters and making inquiries is required.

A court trying a case in place of a jury, if on announcing a finding, a motion for a new trial and in arrest are interposed, may render a judgment at a future day, after the motions are disposed of.

If the matters alleged in a special plea, may be offered in defense under the general issue, it will be presumed they were so offered.

THIS was an action of assumpsit on an assigned note, brought by appellee against appellant. The declaration has one special count declaring on a note, given by Stevenson to one T. Sweet, for $700, with twelve per cent. interest, dated 16th July, 1841, and by Sweet indorsed to Sherwood.

There was a plea of the general issue, and a special plea of payment of the note to Sweet, while he was holder and owner of it. To the special plea, there was not any replication.

At June term, 1857, defendant moved for a continuance, and in support of his motion read the following affidavits:

John D. Stevenson, the above defendant, first being duly sworn, on his oath states, that he cannot safely proceed to the trial of said cause, owing to the absence of one William H. Andrews, whose attendance or deposition it is out of the power of this affiant to have or produce at the present term of this Court; that this affiant asks to refer to his affidavit of the last term, and make it a part of this his application for a continuance. And affiant further, upon his oath, states, that immediately after the last term of this court, (not having been fully advised by said Andrews, or any one else, of the name of a proper person to act as commissioner, for the purpose of taking the deposition

of said Andrews,) wrote said Andrews, requesting him to give the name of a proper person to act as commissioner. To this letter affiant received an answer from a friend of said Andrews, stating that the said Andrews, a few days before, had left that section for Kansas, stating no particular place or part of Kansas the said Andrews had removed to. That affiant thereupon wrote to the post master, and friend of said Andrews, residing in said Spencer, Massachusetts, to learn, if possible, the residence or post office address of said Andrews, in Kansas. That affiant has been unable up to this time to learn the whereabouts of the said Andrews. That he has used every consistent means in his power to obtain said knowledge, and has hitherto failed. That affiant knows of no witness by whom he can prove the payment aforesaid, but by said Andrews. And that this application is not made for delay, but that justice may be done, and that he hopes to be able to procure the attendance of said witness or his deposition, at next term of this court.

John D. Stevenson, the above defendant in this suit, first being duly sworn, on his oath deposes and says, that he cannot safely proceed to trial of the above cause, at this term of court, owing to the absence of William H. Andrews, whose attendance or deposition it is out of the power of this defendant to have at this term of court. That this affiant expects to be able to prove by the said Andrews, that the note on which the above action has been brought, has been fully paid and satisfied by this affiant. That from the time of the commencement of this suit up to the present time, this affiant has made use of the utmost vigilance to learn the residence of the said Andrews. That said Andrews, some years since, did live in the vicinity of Davenport, Iowa, which was the last knowledge this affiant had of him at the commencement of this suit. That after the commencement of this suit, he wrote to an acquaintance at Davenport, and to other places in the vicinity. That he was advised by answer he received, that said Andrews had removed to the western part of Iowa, but what particular place this affiant could not learn. This affiant further states, that after the September term of this court, 1855, affiant was advised by one Daniel Higley, who was a connexion of said Andrews, that the said Andrews was still somewhere in the western part of Iowa, and that said Higley was a brother-in-law, residing in Iowa, from whom he could learn the residence of the said Andrews. That some time afterwards said Higley advised this affiant that he had heard from his brother-in-law, who advised him that said Andrews has removed to the State of New York, but what place, said Higley was unable to advise affiant; and from that time to the present, affiant has used the utmost diligence, by inquiry and writing, to learn the residence or whereabouts of the said Andrews, none

of which proved favorable; and that affiant had despaired of learning the residence of said Andrews, when a son of said Andrews, a young man of some eighteen years of age, came to the residence of affiant, some three weeks since, and advised him that his father, the said Wm. H. Andrews, now resides in the town of Spencer, in the State of Massachusetts; that thereupon affiant wrote to said Andrews in regard to the matter of the payment of said note, and also to get from said Andrews the name of a suitable person to act as commissioner; and that within the last three days, this affiant has received a letter from said Andrews, but that he has been unable to procure his deposition at the present term of court; but that affiant will be enabled to procure it before the next term of this court; that this application is not made for delay, but that justice may be done; and that said Andrews is the only witness within the knowledge of this affiant, by whom the payment of said note could be proved.

The court overruled the motion, and defendant excepted.

There was a trial by the court, and the *issue* was found for plaintiff, whereupon defendant entered his motion in arrest of judgment, and for a new trial.

These motions were overruled.

Judgment rendered for $76.40, debt, and $153.80, damages and costs.

Defendant appealed, and for errors, assigned the following:

1st. The court erred in trying the case with the third plea unanswered.

2nd. The court erred in overruling motion for continuance.

3rd. The court erred in rendering the judgment aforesaid.

B. C. Cook, for Appellant.

M. B. Light, for Appellee.

Breese, J. The point made on the unanswered plea is disposed of by the decision of this court, in the case of *Parmelee* v. *Fischer, ante,* 212. As to the diligence used to obtain the testimony the appellant desired, we think none such was shown as to justify a continuance. He should not have been content with merely writing. In these days of rapid communication and cheap traveling, something more than letters and inquiries, will be required.

This case was tried by the court in place of a jury, and on announcing that the issue was found for the plaintiff, a motion for a new trial and in arrest of judgment was interposed, which on being overruled after argument at a subsequent day of the term, the court pronounced judgment for the plaintiff for seven-

ty-six dollars and forty cents, debt, and one hundred and fifty-three dollars and eighty cents, damages.

We do not see any solid objection to this. The court had possession of the whole case, and it was hardly worth while to enter a judgment on the record, when a motion for a new trial and in arrest of judgment was pending. Not until the latter motion had been disposed of, could the court regularly cause a judgment to be entered. The court had full power to render a perfect judgment on finding the issue for the plaintiff.

The matters of the special plea could be given in evidence under the general issue, and we will presume they were in evidence. *Warner* v. *Crane*, 20 Ill. R. 151.

The judgment is affirmed.

*Judgment affirmed.*