NATHANIEL AVERILL *vs.* FELIX ROONEY.

*Motion for new trial. Practice.*

Under R. S. c. 77, § 13, and Public Laws of 1872, c. 83, two distinct tribunals, each exclusive of the other, have cognizance of a motion to set aside a verdict when the evidence demands it; and the aggrieved party has his election.

Thus, under R. S. c. 77, § 13 he may present his motion when accompanied by a report of all the evidence signed by the presiding judge, to the law court; or under Public Laws of 1872, c. 83, if two verdicts have not been rendered against him in the cause, he may at the same term at which the verdict was rendered, present his motion to the presiding justice who rendered it, without a report of the evidence.

ON EXCEPTIONS AND MOTION to set aside the verdict as being against law and evidence.

REAL ACTION.

The verdict was for the plaintiff. Thereupon the defendant, under Public Laws of 1872, c. 83, moved that the verdict be set aside, which the presiding justice overruled, and the defendant alleged exceptions.

The defendant also, under R. S. c. 77, § 13, filed a motion to set aside the verdict, and accompanied the motion with a report of the evidence signed by the presiding judge.

*N. H. Hubbard,* for the plaintiff.

*T. W. Vose,* for the defendant.

KENT, J. By R. S. c. 77, § 13, it is provided that among the cases which " come before the court as a court of law " are " cases in which there are motions for new trials upon evidence reported by the judge." Under this provision heretofore, all motions for such new trials have been heard and determined by the law court.

By the statute of 1872 it is provided, that any justice of the supreme judicial court may set aside a verdict and grant a new trial in a case tried before him, when in his opinion the evidence in

Averill *v.* Rooney.

the case demands it. Such verdict must be set aside at the same term at which it was rendered, but it shall not be set aside by a single justice when there have been two verdicts rendered against the applicant.

The question is, how far do these provisions of the new statute abrogate, modify, or affect the former statute.

We think it clear that the legislature did not intend to repeal the provision in the revised statutes, and thus take away from the law court the consideration and determination of all such motions for a new trial. There are no words in the new statute which indicate any such intention. Nor do we think that it was the intention to give a right to a hearing of the same motion by two distinct tribunals, either by appeal or by exceptions. But it was intended that two distinct tribunals might have cognizance in such motions, each exclusive of the other, and that an aggrieved party might select the tribunal. He may file his motion and obtain a report of the evidence, certified by the judge according to the provision in the revised statutes; in which case the whole matter goes to the law court, or he may, without obtaining any such report of the whole evidence, certified by the judge, submit the questions arising under his motion to the determination of the presiding judge at the term, on the evidence in the case, of which the judge has knowledge, from his minutes or from recollection. If he does thus submit the matter to the presiding judge, the decision is final on the party filing the motion. It is a matter of discretion and not of law, and no exceptions or appeal lie in such cases, unless expressly given by statute.

The limitations of the right of a single judge contained in the new statute, by which the powers must be exercised at the term when the trial is had, and the other limitation as to the number of verdicts which he may set aside, clearly show that it was not the intention of the legislature to repeal or abrogate the existing right of a party to have a hearing before the law court, which is not thus limited unless he voluntarily selects the new tribunal, a single judge at the term. If the legislature had intended to take away

the existing power in the law court, or to give a right of appeal or exceptions from the decision of the single judge, they would have used language plainly expressing such intent. We think the construction we have given will reconcile both statutes and give a rule of practice, plain and efficient, in securing the rights of all parties.

In the case before us, as the motion was made to and passed upon by the judge at *nisi prius*, the decision was final on the defendant.

*Motion and exceptions overruled.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and TAPLEY, JJ., concurred.