WARREN P. CHASE, admr., petitioner for leave to enter appeal from probate court *vs.* SOLOMON W. BATES.

Cumberland.     Opinion January 5, 1889.

*Probate Law.     Appeal.     Petition.     Laches.     R. S., c. 63, § 25.*

Where a judge of probate on petition and proper notice thereon by one of the ·heirs, decreed a distribution of the balance belonging to the estate as shown by the administrator's final account; and eleven months thereafter, the administrator residing in the city where the probate court was holden, on a petition to the Supreme Court of probate, representing that "he had no knowledge of said petition and decree, that he was ignorant of the nature of said decree until a long period had elapsed; and for all which, inasmuch as he had no notice of the nature of the proceedings, and as justice requires a revision of said decree, he prays to be allowed to enter and prosecute an appeal therefrom"—*Held*, that the petitioner does not bring the case within the provisions of R. S., c. 63, § 25.

ON EXCEPTIONS. This was a petition by the administrator for leave to enter an appeal, under R. S., c. 63, § 25, from a decree of the probate court, for Cumberland county, ordering a distribution among the heirs of Silas Bates.

The heirs moved to dismiss the petition because of its insufficiency in law and other reasons which appear in the opinion of the court. The motion to dismiss was sustained by the court, and the petitioner excepted.

*W. H. Looney*, for petitioner.

The question at issue is the construction of the petition. It is based upon R. S., c. 63, § 25, viz: "If any person, from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal as aforesaid, the supreme court, if justice requires a revision, may upon reasonable terms allow an appeal, &c." This language is broad, comprehensive and intended to prevent injustice and hardship. Petitioner should have been permitted to furnish testimony to satisfy the court that justice required a revision. Petition need not be drawn with technical accuracy. Sufficient to state substantially what is to be proved.

The court must be satisfied of two things before granting prayer of petitioner: (1) that there is no default on his part; (2) that justice requires a revision. *Capen* v. *Skinner*, 139 Mass. 190. How can the court be satisfied of these two things except by a consideration of the testimony?

*In re Marston*, 79 Maine, 25, the petitioners were given what we contend for,—a hearing. Counsel also cited: *McAllister* v. *Kuhn*, 96 U. S. Sup. Ct. 87; *R. R. Co.* v. *Hurst*, 93 Ib. 71; *U. S.* v. *Gooding*, 12 Wheat. 460; *Hale* v. *Hale*, 1 Gray, 518; *Kent* v. *Dunham*, 14 Ib. 279; *Robinson* v. *Durfee*, 7 Allen, 242; *Wright* v. *Wright*, 13 Ib. 207; *Coffin* v. *Abbott*, 7 Mass. 252; *Brewer* v. *Holmes*, 1 Met. 288; *Hutchinson* v. *Gurley*, 8 Allen, 23; *Gooding* v. *Baker*, 60 Maine, 52; *Haskell* v. *Hazard*, 33 Maine, 585.

*Richard Webb*, for the heirs.

Petitioner gives no reason for so long delay; his non-action

must be charged to gross laches and culpable negligence. *In re Marston*, 79 Maine, 25.

Authority to entertain the appeal is wholly statutory, and petitioner must bring himself clearly within its provisions. The first cause set forth in the petition is not a statutory reason for allowing entry of an appeal; the second alleges only ignorance of law. No allegation of time properly pleaded in alleging the two causes.

Petition should set forth what injustice, if any, has been done him by the decree. No allegation or recital is made, in support of which testimony might be offered, showing that the decree is not right and just. Stephen's Plead. p. 388.

VIRGIN, J. The petitioner is administrator on the estate of Silas Bates. On April 5, 1887, on the petition of one of the heirs and previous public notice thereon, the judge of probate decreed a distribution among the heirs of the assets then remaining in the hands of this petitioner as administrator.

On March 22, 1888,—a year less fourteen days after the decree —this petition was drawn, alleging that the petitioner "had no knowledge of the petition and decree and that he was ignorant of the nature of said decree until a long period had elapsed, so that he was unable to claim an appeal within twenty days after its date,—for all which as he had no notice of the nature of the proceedings, and as justice requires a revision" he prays for leave to enter and appeal.

The petitioner does not bring his case within the statute reasons. He does not state that the causes assigned were "without fault on his part" as the statute requires, but the allegations show that they were his fault.

The petitioner resides in Portland where the probate court holds its sessions and its records are kept to which he had recourse at all times, and the estate was one of which he was administrator; and still he alleges he had no knowledge of the proceedings and was ignorant of their nature. In the language of the court in *Sykes* v. *Meacham*, 103 Mass. 285, 286, "the facts can hardly be said to present anything more than a case of mere neglect and

inattention. He failed to make an effective inquiry and in that way remained in ignorance of a fact which was perfectly well known and which there was no attempt to conceal. * * The only mistake is the failure to know a fact about which he made no inquiry."

Neither does the petitioner show any diligence after the fact became known, nor reason for his laches. It does not intimate wherein justice requires a revision. While great technical accuracy is not required in such cases, enough should be alleged to warrant the court in compelling the respondents to be at the expense of a hearing and to give them some notice of what they are to meet. *In re Marston*, 79 Maine, 25.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.