SAMUEL B. SAWYER, Petitioner,

*vs.*

JOSIAH CHASE, Exor., and others.

York.    Opinion December 9, 1898.

*Probate. Appeal. Exceptions. R. S , c. 63, § 25.*

A petition for leave to enter an appeal from a decree of the judge of probate, on the ground that an appeal was not taken within the time limited therefor by statute, from " accident, mistake, defect of notice or otherwise, without fault" of petitioner, is addressed to the discretion of the presiding justice. His decision is final and not subject to exception.

ON EXCEPTIONS BY PETITIONER.

Petition for leave to enter an appeal from the decision of the judge of probate, York county.

By the direction of the presiding justice the petitioner, in the first instance, offered evidence to show that from accident, mistake, defect of notice or otherwise, without fault upon his part, he had omitted to claim or prosecute his appeal: at the conclusion of the testimony for the petitioner upon that point, and without evidence relating to the execution on the validity of the instrument, the presiding justice ruled that the petitioner had not shown due diligence in the prosecution of his rights, and that upon his own testimony it did not appear that from accident, mistake, defect of notice or otherwise, without fault upon his part he had omitted to appear and prosecute his appeal and ordered the petition to be dismissed.

To this ruling the petitioner excepted.

*Lewis F. Johnson, Geo. F. and Leroy Haley,* for petitioner.

This case differs materially from that of *Marston et al., Petitioners*, 79 Maine, 25. In that case the petitioners actually knew there was a will, although they did not know its precise terms. That will was read by the executor who wrote it to the resident heirs and twice to the petitoner's agent. There was no fraud prac-

ticed upon the petitioners to prevent them from contesting the probate of Abner Coburn's will.

*Edgerly and Mathews,* of the N. H. bar, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

STROUT, J.   This is a petition for leave to enter an appeal from the decree of the judge of probate, allowing the will of Adaline Freeman.   The decree of the probate court was made on the fourth day of May, 1897.   No appeal was taken within twenty days thereafter, as provided in the statute.   This petition bears date November 3, 1897.   The statute provides that if from "accident, mistake, defect of notice or otherwise, without fault on his part", the party having a right of appeal, "omits to claim or prosecute his appeal, the Supreme Court, if justice requires a revision", may allow an appeal to be entered.   R. S., c. 63, § 25. The petitioner invokes this provision of the statute.   Upon a hearing on the petition, the presiding justice decided that the petitioner "had not shown due diligence in the prosecution of his rights, and that upon his own testimony it did not appear that from accident, mistake, defect of notice or otherwise, without fault upon his part, he had omitted to appear and prosecute his appeal, and ordered the petition to be dismissed."   Exception is taken to the ruling.

The petition was addressed to the judicial discretion of the presiding justice.   He found the facts adverse to the petitioner.   That finding is conclusive.   *Kneeland* v. *Webb,* 68 Maine, 540; *Reed* v. *Reed,* 70 Maine, 504.   The order of dismissal followed as a necessary sequence to the facts found.   But waiving this, it is the opinion of the court that exceptions do not lie to the refusal to grant the petition; that the judicial discretion of the justice hearing the cause, when exercised, is final.   It was held in *Manning* v. *Devereux,* 81 Maine, 562, that a petition praying that a decree appointing an administrator be annulled, on the ground that at the time of the decree the person on whose estate administration had been

granted was not dead, the decision of the presiding justice was final. So the granting or refusing to grant a new trial, by a single justice, is not subject to exception. *Moulton* v. *Jose*, 25 Maine, 76. So exceptions do not lie to a refusal of a judge to grant a review. *York & C. R. R.* v. *Clark*, 45 Maine, 151; *Scruton* v. *Moulton*, 45 Maine, 417; nor to the exercise of the judge's discretion in framing issues to a jury in a probate appeal. *Bradstreet* v. *Bradstreet*, 64 Maine, 204. Many other analagous cases can be cited, but it is unnecessary.

The exceptions were improvidently allowed and must be dismissed. If the cause were properly here, it may be added that the evidence fully sustains the finding of the presiding justice, and justifies the ruling.

*Exceptions dismissed, as improvidently allowed.*