CARRIE A. CHARLESWORTH *vs.* AMERICAN EXPRESS COMPANY.

Androscoggin.    Opinion March 27, 1918.

*Declaration. Amendment to declaration alleging injuries other than complained of in original declaration. General rule as to right of defendant to have continuance on the ground of surprise by an amendment to the declaration. General rule as to the granting or denying a motion for continuance being a matter of judicial discretion. Rule in some States as to being entitled to a continuance as a matter of right when an amendment of substance is made to the declaration.*

In an action of tort to recover for injuries received through the alleged negligence of the defendant's servants the plaintiff sought to introduce evidence concerning injuries not set out in the declaration. The evidence was excluded and plaintiff was allowed to amend by inserting allegations covering the additional injuries. Thereupon the defendant asked for a continuance on the ground of surprise and because of entire lack of preparation to meet the new issues.

This motion was overruled and after a delay of a half day the trial proceeded. On defendant's exceptions it is

*Held:*

1.  The granting or denying of a motion for continuance is a matter of judicial discretion.

2.  The term judicial discretion means sound discretion exercised according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial not personal discretion.

3.  A discretionary ruling is reviewable when some palpable error has been committed or when an apparent injustice has been done.

4.  The amendment in this case was an important one and opened a new and wide field for investigation, for which the defendant being taken by surprise was not prepared. Sufficient postponement or continuance should have been granted to enable it to secure the testimony needed to meet the new issues. This was not done, and to refuse this was ground for exception.

Action on the case based on the alleged negligence of defendant. Defendant filed plea of general issue. During the progress of the trial plaintiff offered evidence in regard to injuries to plaintiff's back,

and defendant objected to the admission of such evidence on the ground that nothing appeared in the declaration in regard to such injuries. Plaintiff was allowed to amend his declaration and defendant thereupon made motion to have case continued on the ground that the amendment opened up new allegations which were serious in their nature and that the defendant did not have sufficient time within which to properly meet the same. Presiding Justice declined to grant defendant's motion; to which ruling defendant filed exceptions. Motion for new trial also filed by defendant. Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*White & Carter,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, JJ.

CORNISH, C. J. On the afternoon of December 23, 1916, the plaintiff and her husband left their home in Lisbon for Newport Junction, via the Maine Central Railroad. They arrived at their destination about 4.30 or 4.45 P. M., shortly after dark. They alighted from the train, which was a long one, and started to walk down the lighted platform toward the railroad station. On their way they met an employe of the defendant wheeling an express truck loaded high with express packages and bundles among them two kegs, one an eight gallon and the other a sixteen gallon keg. As the plaintiff was passing this truck, one of the kegs fell from the load and knocked her down. For the injuries thus sustained this action of tort was brought. The nature and extent of the injuries are set out in the plaintiff's writ in these terms: ''Said keg or barrel of beer or ale swayed and fell from the top of said loaded truck with great force and violence and struck the plaintiff on her right side and threw her violently to the floor of said platform, thereby rendering her unconscious. fracturing two of her ribs, and greatly bruising and wounding said plaintiff both externally and internally, so that she became sick and disabled, suffered a great shock to her nervous system and intense pain both of body and mind'' etc.

During the progress of the trial plaintiff's counsel sought to introduce evidence concerning injuries to plaintiff's back, spinal column and nerve centers. To this the defendant objected on two grounds;

first, that it was at variance with the declaration, and second, on the ground of surprise. The presiding Justice sustained the objection. Thereupon the plaintiff moved to amend her declaration by inserting the words "and wounding, bruising and injuring the muscles, nerves, ligaments and other parts of her body, about and around her right side and back, so that her spinal column, spinal cord and other parts of her back, externally and internally have become injured, disordered and diseased, and otherwise greatly bruising" etc. This amendment was allowed. The defendant's counsel then moved for a continuance of the case until the next term, on the ground of surprise and entire lack of preparation to meet the new issue. The court granted a postponement until the afternoon of the following day. Counsel for defendant on the following day filed a written motion for further continuance alleging surprise and the impossibility of procuring expert witnesses and preparing the defense on the new issue within the time allowed. This motion was overruled and the trial was ordered to proceed. To this ruling, refusing the continuance, the defendant duly excepted.

This exception under the admitted facts and circumstances of this case should be sustained. The granting or denying of a motion for continuance is of course recognized as a matter of judicial discretion, but the term judicial discretion does not mean the arbitrary will and pleasure of the Judge who exercises it. It must be sound discretion exercised according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. The chief test as to what is or is not a proper exercise of judicial discretion is whether in a given case it is in furtherance of justice. If it serves to delay or defeat justice it may well be deemed an abuse of discretion. Incidents attending the progress of a trial are necessarily addressed to the discretion of the court. "That discretion is not to be exercised arbitrarily but to be guided and controlled, in view of all the facts, by the law and justice of the case subject only to such rules of public policy as have been wisely established for the common good." *York & Cumberland R. R. Co.* v. *Clark,* 45 Maine, 151, 154.

Hence the rule has been laid down and often applied in this State that a discretionary ruling is reviewable when some palpable error has been committed or when an apparent injustice has been done, but

not otherwise. *Schwartz* v. *Drinkwater,* 70 Maine, 409; *Goodwin* v. *Prime,* 92 Maine, 355; *Fitch* v. *Sidelinger,* 96 Maine, 70; *Graffam* v. *Cobb,* 98 Maine, 200; *McDonough* v. *Blossom,* 109 Maine, 141, 145; and see note to *Stevenson* v. *Sherwood,* 22 Ill., 238, 74 Am. Dec., 140.

In the case at bar the amendment was properly allowed by the court. It introduced no new cause of action, but simply alleged other injuries sustained by the plaintiff in addition to those specified in the original declaration. But that addition was an important one. It opened a new and wide field for investigation. It came as a surprise to the defendant's counsel who was unprepared to meet it. In view of the fact that the officers of the defendant corporation lived in New York and that communication with them and the procuring of necessary medical testimony was practically impossible within the time limited by the court, there is substantial ground for the contention that the denial of defendant's motion was the denial of a substantial right. It has been held in many States that if an amendment in pleading is made of a matter of substance and the adverse party is surprised, he is entitled to a continuance. See cases cited in note to *Stevenson* v. *Sherwood,* 22 Ill., 238; 74 Am. Dec., 140, 143; and it may be stated as the general policy of the courts to grant a sufficient postponement or continuance to the adverse party, if desired, to enable him to secure the testimony needed to meet the new issue. To refuse this is ground for exception. *Gerkin* v. *Brown & Sehler Co.,* 177 Mich., 45, 48 L. R. A. N. S., 224.

This wholesome rule, promotive of that even handed justice which the courts endeavor to dispense, should be applied to the case at bar and thereby the defendant be given its day in court of which apparently it was in part deprived. To grant the continuance would have preserved the rights of both parties, to deny it was to abridge the rights of the defendant.

It is unnecessary to consider the other exceptions or the motion.

The entry must be,

*Exceptions sustained.*