MATTIE T. COTTING, Appellant, *vs.* ESTATE OF ALONZO TILTON.

Penobscot.    Opinion April 6, 1919.

*Probate appeals.    Rule as to the findings of the Justice of Supreme Court of Probate in matters of fact being conclusive.    Rule as to his findings being reviewable on exceptions.*

Appeal from and exceptions to the decree of a Justice of the Supreme Court of Probate.

1.    There is no provision of statute for an appeal from a decree of the Justice of the Supreme Court of Probate and such attempted appeal cannot be entertained or considered.

2.    Exceptions to the decree of a Justice of the Supreme Court of Probate raise only questions of law.    If as matter of law there is no evidence to sustain the decree then the exceptions must be sustained, otherwise overruled.

Appeal from the allowance of an executor's account.   Judgment in accordance with opinion.

Case stated in opinion.

*Charles H. Bartlett*, for appellant.

*Mayo & Snare*, for appellee.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY,.JJ.

PHILBROOK, J.   This cause originated in the Probate Court of Penobscot County.   The first account.of the executor having been allowed, the appellant, interested as heir at law, appealed from the decree of the Probate Court to the Supreme Court of Probate under the provisions of statute in such case made and provided.   In the latter tribunal issues of fact were presented to a jury, the same having been framed by the presiding Justice at the request of the appellee.

At the close of the testimony counsel for the appellant moved the court to enter judgment in her favor on the ground that the evidence was not sufficient to warrant the payment of certain items in the executor's account, the allowance of which payment gave rise to the appeal.   The presiding Justice overruled this motion, to which ruling the appellant took exceptions.   The trial of the issues resulted in jury findings unfavorable to the contentions of the appellant but favorable to the grounds upon which the decree appealed from was based.   Following the advisory verdict of the jury the presiding Justice ruled that the propriety of paying the items in dispute had been sustained by the burden of proof, and thereafterward signed a decree. affirming the decree of the Probate Court from which the appeal had been taken.   The record, as disclosed by the bill of exceptions, is, "And the plaintiff appellant is aggrieved at the ruling of the presiding Justice in overruling the motion as aforesaid, and in his decision as a matter of law, and excepts thereto and prays that · her exceptions may be allowed."

In addition to the bill of exceptions, filed and allowed, the appellant also filed, as part of her case, the following appeal:

"After the close of the testimony and arguments by counsel, the presiding Justice decided (following the advisory verdict of the jury) that both the claimants had sustained the burden of proof to raise an implied promise on the part of Alonzo Tilton to pay Clara E. Johnson

the sum of $3120, as claimed, and Camillus K. Johnson the sum of $504, as claimed, and allowed both of said claims.

The plaintiff is aggrieved by the decision of the court in this respect, viz:

1st.   As to the claim of Clara E. Johnson, the circumstances disclosed by the evidence are not sufficient upon which to base an implied promise of payment.

2nd.   Even if so, the amount allowed is excessive.

3rd.   As to the claim of Camillus K. Johnson, the circumstances disclosed by the evidence are not sufficient upon which to base an implied promise of payment.

4th.   Even is so, the amount allowed is excessive.

*Wherefore,* the plaintiff appeals to the Law Court from the decision of the presiding Justice and prays that her appeal may be allowed."

THE APPEAL.   It will be observed that we are now about to discuss the appeal from the Supreme Court of Probate to the Law Court, not the appeal from the Probate Court of original jurisdiction to the Supreme Court of Probate.   Counsel on both sides of the case, in their briefs, have apparently assumed that this appeal is, in effect, a motion for a new trial, but we do not feel justified in concurring with that assumption.

Courts of Probate are wholly creatures of the legislature, *Taber* v. *Douglass,* 101 Maine, 363; they are of special and limited jurisdiction, their proceedings are not according to the course of the common law, *Bradstreet* v. *Bradstreet,* 64 Maine, 204.   A Supreme Court of Probate is created by R. S., Chap. 67, Sec. 31, as an Appellate Court, its jurisdiction and proceedings are clearly defined by statute.   While provision is made by statute for appeal from the Probate Court of original jurisdiction to the Supreme Court of Probate it is significant that no provision is made for any appeal from the Supreme Court of Probate, itself an Appellate Court, to the Law Court.   An appeal from an Appellate Court would be somewhat anomalous and such a proceeding, in the absence of express conditions, cannot be presumed as allowable practice.   The right of appeal from any decree or order of the Probate Court is conferred by statute only and can extend no further than the statute provides. *Sprowl* v. *Randell,* 108 Maine, 350.   We are of opinion that the appeal cannot be considered.

THE EXCEPTIONS. The dispute arises over the allowance of the payment of $3120.00 by the executor to his wife, Clara E. Johnson, for her personal services in nursing, waiting on and caring for the deceased testator, and washing, ironing and mending his clothing for a period of six years; and over the allowance of the private claim of the executor, Camillus K. Johnson, for board and lodging of the deceased testator for a period of three hundred twelve weeks, at three dollars per week, amounting to $936.00, on which credit was given for use and occupation of the house of the deceased during the same period, six years, at $72.00 per year, leaving a balance of $504.00. Both these items were allowed by the Probate Court of original jurisdiction, a jury found a verdict sustaining the allowance, and the presiding Justice in the Supreme Court of Probate affirmed the decree of the court from which the appeal was taken.

"The findings of the Justice in the Supreme Court of Probate in matters of fact are conclusive, if there is any evidence to support them. And when the law invests him with the power to exercise his discretion, that exercise is not reviewable on exceptions. If he finds facts without evidence, or if he exercises discretion without authority, his doings may be challenged by exceptions." *Palmer's Appeal*, 110 Maine, 441; *Gower, Applt.*, 113 Maine, 156. An exception like the one under consideration "can only raise the question whether there was any evidence upon which the ruling and finding could be based. If there was any such evidence, its sufficiency was a question of fact upon which the finding of the court is conclusive, not to be reviewed by the law court." *Eacott, Appellant*, 95 Maine, 522.

It is not claimed that there was any express contract between the deceased, and either Mr. or Mrs. Johnson, for payment of the sums claimed, but both claimants rely upon implied promises. The legal rules in such cases are well settled. "There having been no express agreement to pay, it was incumbent on the plaintiff to prove that the services were rendered by the plaintiff either in pursuance of a mutual understanding between the parties that she was to receive payment, or in the expectation and belief that she was to receive payment and that the circumstances of the case and the conduct of the defendant justified such expectation and belief. It is not enough to show that valuable service was rendered. It must be shown also that the plaintiff expected to receive compensation, and that the defendant's intestate, so understood, by reason of a mutual understanding or

otherwise, or that under the circumstances he ought so to have understood.    Both propositions are essential and must be proved."    *Leighton* v. *Nash*, 111 Maine, 525.    As applicable to these rules what does the record disclose?

CLAIM OF MRS. JOHNSON.    Holding fast to the rule of conclusiveness of the findings of the presiding Justice upon questions of fact, if there be any evidence to support those findings, and bearing in mind that the value of the services, the circumstances of their rendition, the right to expect payment, and understanding on the part of the deceased that payment should be made, are all questions of fact, we are of opinion that a careful examination of the record discloses some supporting evidence on all these questions and thus far the decree of the presiding Justice stands.

CLAIM OF MR. JOHNSON.    An equally careful study of the record fails to satisfy us that the claim of Mr. Johnson for allowance for board and lodging of the deceased is sustained.    In this respect the decree of the presiding Justice must be modified.

> *Claim of Clara E. Johnson allowed.*
>
> *Claim of Camillus K. Johnson disallowed.*
>
> *Case remanded to the Supreme Court of Probate where decree will be drawn and executed in accordance with this opinion.*

DUNN, J.    ⎫    Do not concur in respect to
MORRILL, J.    ⎭    allowance to Clara E. Johnson.