FIRST AUBURN TRUST COMPANY, PETITIONER,

*vs.*

ESTATE OF ABRAHAM B. BAKER.

Androscoggin.                    Opinion, May 1, 1936.

*George C. & Donald W. Webber*, for petitioner.
*Benjamin L. Berman, David V. Berman*, for respondent.
*Harris M. Isaacson*, for executors.

SITTING: DUNN, C. J., STURGIS, BARNES, HUDSON, MANSER, JJ.

MANSER, J. This case comes up on exceptions to a ruling granting the petitioner leave to enter its appeal from a decree of the Judge of Probate for Androscoggin County.

The provisions of the statute, so far as material in this case, are as follows: Any person aggrieved by a decree of a Judge of Probate may appeal therefrom to the Superior Court, which is the Supreme Court of Probate, if he claims his appeal within twenty days from the date of the proceeding appealed from. R. S., Chap. 75, Sec. 31.

By section 33 of the same chapter it is provided: "If any such person from accident, mistake, defect of notice, or otherwise with-

out fault on his part, omits to claim or prosecute his appeal as aforesaid, the Supreme Court of Probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect, as if it had been seasonably done; but not without due notice to the party adversely interested, nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made; and said petition shall be heard at the next term after the filing thereof."

By decree of the Probate Court, dated January 8, 1935, an allowance was made to the widow of Abraham B. Baker. No appeal was seasonably taken; but the petitioner, a creditor of the estate, sought leave to claim and prosecute its appeal under the provisions of section 33. The presiding Justice granted the petition. It is this decree which is under consideration, on exceptions taken by the executors of the estate and the widow.

The exceptions attack the decree as unwarranted in its finding of jurisdictional facts. As prerequisite to the maintenance of the petition the petitioner is required to prove that, from accident, mistake, defect of notice or otherwise without fault on its part, it omitted to claim or prosecute its appeal. This is a distinct element, essential of proof.

If shown, then the presiding Justice must proceed to the second necessary element, that "justice requires a revision."

The first element rests upon a finding of fact. The second calls for the exercise of judicial discretion, based upon facts.

It is unnecessary to construe the rules applicable to a review of the exercise of discretion if the exceptions must be sustained upon the fundamental question of jurisdiction.

Findings of fact by a Justice presiding in the Supreme Court of Probate are conclusive and not to be reviewed by the Law Court if the record shows any evidence to support them. This rule is firmly established in this state and has been reiterated and reaffirmed in many of our decisions. *Eacott, Appellant,* 95 Me., 522, 50 A., 708; *Palmer's Appeal,* 110 Me., 441, 86 A., 919; *Grover, Appellant,* 113 Me., 156, 93 A., 64; *Thompson, Appellant,* 116 Me., 473, 102 A., 303; *Cotting* v. *Tilton,* 118 Me., 91, 106 A., 113, 114; *Packard, Appellant,* 120 Me., 556, 115 A., 173; *Rogers, Appellant,* 123 Me.,

459, 123 A., 634; *Chaplin, Appellant,* 133 Me., 287, 177 A., 191.

It appears, from almost every reported decision upon this question, that the Law Court has studied the record and analyzed the evidence to determine whether there was any support for the findings of fact. Generally speaking, such evidence has been found in the record.

There are, however, notable exceptions, as in *Rogers, Appellant,* and *Chaplin, Appellant,* supra. In *Cotting* v. *Tilton,* supra, one finding was sustained and another overruled. The Court's comment was as follows: "Holding fast to the rule of conclusiveness of the findings of the presiding Justice upon questions of fact, if there be any evidence to support those findings . . . we are of opinion that a careful examination of the record discloses some supporting evidence . . . and thus far the decree of the presiding Justice stands." And in the next paragraph of the same case the Court said: "An equally careful study of the record fails to satisfy us that the claim of Mr. Johnson for allowance for board and lodging of the deceased is sustained. In this respect the decree of the presiding Justice must be modified."

Guided by these principles, what is disclosed in the record in the present case?

Abraham B. Baker died testate, leaving a widow and three minor children. His executors qualified December 22, 1932. The present petitioner filed claims against the estate amounting to $31,000. As to a portion of this sum the estate of a brother, Joseph Baker, was also liable, and through liquidation of the indebtedness of that estate there was left outstanding two claims aggregating $15,279. Suit was brought upon these claims and prosecuted to judgment. As to the larger of the two claims, it was based upon a mortgage note given by the deceased upon property which he subsequently sold in his lifetime, subject to the mortgage. The petitioner, through competent counsel, brought suit on the note. The real estate upon which the mortgage was originally given had depreciated in value; taxes, together with interest on the note, remained unpaid for nearly two years. The president of the Trust Company, petitioner, and the attorneys had been in frequent negotiations with the executors concerning the outstanding indebtedness.

The only witness for the petitioner as to the facts necessary to sustain jurisdiction was the president-treasurer of the Trust Company, who testified that the Company had acted as administrator or executor in many instances; that he had served as trust officer of the Company for ten or fifteen years, had been a banker for thirty-five years, had acted himself as administrator in some instances, was familiar in a general way with the handling of probate estates, had prepared probate blanks himself, knew the provisions as to notices of hearings by publication, resided in the shire town where the Probate Court was held, and that the Trust Company was also located there. He testified further that the claims against this estate were regarded as delinquent; that rents had been collected from the mortgaged property intermittently by the Trust Company, and that the executors were endeavoring to compromise the claims. It further appeared from his testimony that the general counsel for the Trust Company rendered services with reference to the claims of the petitioner against the estate, and that their offices were also in the shire town.

On September 22, 1934, the witness wrote to one of the executors regarding the indebtedness and stated that he had gone over the matter thoroughly with his Board of Directors.

On November 1, 1934, the executors filed in the Probate Court a representation of insolvency in the estate of Abraham B. Baker. On December 22, 1934, the widow filed a waiver of the provisions of the will. On the same day the widow filed a petition for allowance. Upon this petition notice was ordered and published in the Lewiston Daily Sun on December 22 and 29, 1934, and January 5, 1935. The petition was made returnable upon a regular Probate Court day, on the second Tuesday of January; evidence was presented and decree made awarding an allowance. All these proceedings were in accordance with the statutory requirements. The petitioner's witness testified that the newspaper was regularly delivered at the office of the Trust Company.

The sole and only ground upon which the petitioner can rely to satisfy the requirements of the statute here invoked is that it had no actual knowledge of this particular probate proceeding for allowance to the widow. While it might be assumed that the at-

torneys for the Trust Company were also without actual notice, there is no proof of the fact, the record being silent.

No legal duty rested upon the executors, the widow, their attorneys, or any officer of the Probate Court to give direct notice or information to the petitioner or its attorneys of the pendency of the widow's petition for allowance. The law prescribes the method of notice. It was followed. That method was well known to the petitioner. No precautions are shown to have been taken by any one acting in behalf of the petitioner to avoid its oversight. The petitioner is charged with legal notice of the proceedings. It had the means of actual notice. It was financially interested in the administration of the particular estate. It had taken part in previous proceedings. It had engaged attorneys to protect its interests.

After the orderly process prescribed by statute had been taken and after the probate hearing, the petitioner still had twenty days during which time it could save its rights by appeal. This period elapsed and the decree became effective. If the mere fact of lack of actual notice under such circumstances is to be regarded as sufficient to justify the present proceedings, then the time limit for appeal is greatly extended in virtually every case.

The record is void of any evidence showing "accident, mistake, defect of notice," or that the omission to claim the appeal was "without fault." If the petition should be granted in this case, it is difficult to conceive of a case where one would be denied.

At the hearing in the Supreme Court of Probate two issues were presented at the same time to the presiding Justice. In addition to the one now considered, the remaining one was as to whether justice required a revision. They were separate. Upon the latter the evidence did present facts which, unless successfully controverted, would justify consideration. It is ofttimes difficult to keep mentally separate evidence in support of one issue and which must not be allowed to influence the mind as to another and entirely distinct issue.

In *Chase* v. *Bates*, 81 Me., 184, 16 A., 542, the allegation was that the petitioner "had no knowledge of the petition and decree and that he was ignorant of the nature of said decree until a long period had elapsed, so that he was unable to claim an appeal within

twenty days after its date." The facts showed that he resided in Portland, where the Probate Court held its sessions and its records were kept and to which he had recourse at all times. Adopting the language of the opinion in *Sykes* v. *Meachem*, 103 Mass., 285, the Court said: "The facts can hardly be said to present anything more than a case of mere neglect and inattention. He failed to make an effective inquiry and in that way remained in ignorance of a fact which was perfectly well known and which there was no attempt to conceal . . . . The only mistake is the failure to know a fact about which he made no inquiry."

The petitioner must show due diligence in the prosecution of its rights. *Graffam* v. *Cobb*, 98 Me., 200, at 206, 56 A., 645.

In analogous remedial statutes, such as petitions for review, it is held that the burden rests upon the petitioner of showing due diligence, not only on his own part but also on the part of his attorney, for the negligence of the attorney unexplained is the negligence of client. *Taylor* v. *Morgan*, 107 Me., 334, 78 A., 377.

"A review is denied when it appears that the petitioner's predicament is due to his own fault, and want of reasonable diligence." *Farnsworth* v. *Kimball*, 112 Me., 238, 91 A., 945.

The Court has spoken to like effect in *Beale* v. *Swasey*, 106 Me., 35, 75 A., 134; *Harmon* v. *Fagan*, 130 Me., 171, 154 A., 267; *Leviston* v. *Historical Society*, 133 Me., 77, 173 A., 810.

*Exceptions sustained.*

THAXTER, J., took no part in the decision of this case.