BODWELL-LEIGHTON CO.

*vs.*

COFFIN & WIMPLE, INC.

Cumberland.   Opinion, November 19, 1949.

*Jacobson & Jacobson,* for plaintiff.

*Wilfred A. Hay,*
*Charles A. Pomeroy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   Action on the case brought by the plaintiff, Bodwell-Leighton Co. against the defendant, Coffin & Wimple, Inc., seeking to recover from the defendant the amount due for work and labor performed and parts and materials used in repairing a 1947 Plymouth four door sedan owned

by the defendant. The action was entered at the February 1949 Term of the Superior Court for Cumberland County and was tried before the jury at the March Term of the Superior Court for said County of Cumberland and a verdict returned for the plaintiff. No exceptions were taken by the defendant either to the charge of the presiding justice or to any of the evidence. After verdict and before judgment the defendant filed a motion for a new trial before the presiding justice alleging the usual grounds, namely, that the verdict was (1) Against the law and charge of the presiding justice, (2) Against the evidence, (3) Manifestly against the weight of the evidence. The presiding justice overruled the motion and, according to the record as set forth in the Bill of Exceptions, the defendant seasonably took exceptions which were allowed by the presiding justice.

The case purports to come before this court in regular form and this court is asked to sustain the exceptions of the defendant. At the outset this court is confronted by Rule 17 of the Rules of Court, 129 Me., Page 503, 509; 43 A. 507, under the paragraph entitled "Motions for New Trials." Among other things Rule 17 states:

> "If addressed to the presiding justice, it shall be heard either at term time or vacation at his discretion and in either case, the decision may be rendered in vacation and no exceptions lie to such decision and no appeal except in prosecution for felony."

This rule of court is conclusive on the right to exceptions. In the case of *Hill* v. *Finnemore*, 132 Me. 459, 471; 172 A. 826, 832, this court said "Rules of Court" lawfully established "have the force of law and are binding upon the court, as well as upon parties to an action, and cannot be dispensed with, to suit the circumstances of any particular case." *Cunningham* v. *Long*, 125 Me. 494, 496; 135 A. 198; *Fox* v. *Conway Fire Insurance Co.*, 53 Me. 107; *Nickerson* v. *Nickerson*, 36 Me. 417; *Mayberry* v. *Morse*, 43 Me. 176.

At common law in both civil and criminal cases the granting of a new trial rested wholly within the discretion of the justice presiding at the trial and all motions seeking relief through a new trial must be directed to him. His decision thereon was final and not subject to review. *State* v. *Dodge,* 124 Me. 243, 244; 127 A. 899; *Moulton* v. *Jose,* 25 Me. 76, 85; *Averill* v. *Rooney,* 59 Me. 580. In 1841, R. S., Chap. 115, Sec. 101, for the first time provided that motions for a new trial might be presented to the whole court (Law Court) upon a report of the evidence. *State* v. *Dodge, supra.* Although under R. S. (1944), Chap. 100, Sec. 60, such motion could have been made to this court within ten days after denial of the motion by the presiding justice, no such action was taken or even attempted.

It was suggested to the Law Court at the time of argument, although not mentioned in the briefs of the parties, that the last paragraph of R. S., Chap. 91, Sec. 14, might have some application in this matter, but in view of the fact that that section has recently been construed by this court in *Carroll* v. *Carroll,* 144 Me. 171; 66 A. (2nd) 809, and in *Sears, Roebuck & Co.* v. *City of Portland,* 144 Me. 250; 68 A. (2nd) 12, this court is of the opinion that the last paragraph of said Section 14 does not apply for the very reasons stated in *Carroll* v. *Carroll, supra,* and *Sears, Roebuck & Co.* v. *City of Portland, supra.* This court said in the two cases last cited that the Law Court can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. Both of these limitations on the power of the court are jurisdictional and neither of them can be waived nor can consent of the parties confer jurisdiction upon the court. The instant action purports to come to this court upon exceptions when exceptions do not lie. In fact, this case is an attempt to have this court review a non-reviewable ruling of the presiding justice. Neither by exceptions, appeal or motion could this ruling be reviewed. There is now no way prescribed by statute or rule of court by which this action can now be brought be-

fore this court and it is the opinion of this court that the exceptions were improvidently allowed and must be dismissed but inasmuch as this court has examined the record and briefs of Counsel for both parties and considered the oral arguments, this court is of the opinion that if the case were properly before it, the ruling of the presiding justice would have been sustained. See *Sawyer* v. *Chase,* 92 Me. 252, 254; 42 A. 391.

It, therefore, follows that the exceptions are dismissed as improvidently allowed.

<div align="right">

*So ordered.*