WILMA J. WAGNER, PETITIONER FOR
LEAVE TO ENTER APPEAL
FROM DECISION OF JUDGE OF PROBATE
IN RE ESTATE OF FRANK E. WAGNER

Cumberland.   Opinion, June 25, 1959.

258

*Arthur A. Peabody,* for plaintiff.

*James A. Connellan,*
*James R. Desmond,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.   This is a petition seeking to establish the truth of exceptions under the provisions of Section 14, Chapter 106, R. S., 1954 and Rule 40 of the Revised Rules of the Supreme Judicial and Superior Courts. It is further prayed if the truth thereof be established, that the excep-

tions be heard as if duly filed and brought up to this court with the petition.

The chronology of procedure leading up to the instant issue is as follows:

One Frank E. Wagner died testate in St. Petersburg, Florida, leaving a widow, Wilma J. Wagner, and as his only heir at law, a son, residing in Portland, Maine, named Franklin A. Wagner.

The widow filed ancillary proceedings for the probate of the purported will of Frank E. Wagner, as a foreign will in the Probate Court in Cumberland County. The son entered his appearance against the allowance of the said purported foreign will on the ground that Frank E. Wagner was domiciled in the State of Maine, and that any will offered for probate in this State should be offered in original domiciliary proceedings. Upon hearing before the Judge of Probate for the County of Cumberland, the contentions of the son were sustained and the petition for ancillary probate of the will dismissed.

Thereupon, the widow attempted to appeal from the decision of the Probate Court, in accordance with Sections 32 and 33, Chapter 153, R. S., 1954, which provide in substance that within 20 days from the date of the proceeding appealed from, the appeal must be claimed and a bond and reasons for appeal filed. The appeal failed because the bond was not approved by the Judge of Probate within the 20 day period. Thereafter, the widow filed a petition with the Superior Court acting as the Supreme Court of Probate, seeking authority under the provisions of Section 34, Chapter 153, R. S., 1954, to file a late appeal. In her petition she alleged that she was without fault and that the failure to file and perfect the appeal within the 20 day period arose from accident, and that justice required a revision.

To this petition the son seasonably filed his objections. The matter was heard upon an agreed stipulation of facts and in substance it was the contention of the petitioner that the reason her appeal had not been properly completed within the statutory period was that a fire in the office of her attorney had so interferred with the conduct of his business as to prevent the perfection of her appeal.

The presiding justice of the Superior Court sitting as the Supreme Court of Probate found as a fact that the petitioner was without fault and that the failure to complete the appeal with the approval of the bond was due to accident. He also found that justice required a revision and thereupon entered a decree that the widow be allowed to enter and prosecute an appeal with the same effect as if it had been entered in accordance with the provisions of Section 33, Chapter 153, R. S., 1954.

To this ruling, the son seasonably attempted to take and file exceptions. The reasons for these exceptions were two-fold and as follows:

"1. That the Presiding Justice erred in finding 'that the basic reason for the failure to obtain the approval of the Judge of Probate of the sum of the bond within the twenty day period was from accident not the fault of the petitioner' because as a matter of law, there is not any evidence to sustain such a finding.

"2. That the Presiding Justice erred in finding 'as the term 'revision' is used in said section 34, it is found as a fact that the decree of the Probate Court, in justice, requires revision, or review', because said finding is an abuse of discretion, it being based upon no evidence whatsoever."

The presiding justice refused to allow the exceptions on the ground that exceptions do not lie to the ruling complained of and gave as his authority for such action on his

part, the decisions in *Sawyer* v. *Chase*, 92 Me. 252, and *Bodwell-Leighton Company* v. *Coffin & Wimple, Inc.*, 144 Me. 367.

The son then filed the petition now before us seeking to establish the truth of his exceptions and his petition is addressed "To the Honorable Justice of the Supreme Court of Probate for the County of Cumberland."

Thereupon, the widow filed a motion that the petition to establish the truth of the exceptions be dismissed for the reason that the Supreme Court of Probate is without jurisdiction to entertain the petition.

The motion to dismiss specifically questions the procedure on the part of the petitioner in addressing herself to the Supreme Court of Probate instead of directly addressing herself to the Supreme Judicial Court sitting as a Court of Law.

It seems essential that the issue raised by the motion to dismiss be first disposed of.

The procedure for establishing the truth of exceptions when they are disallowed by the presiding justice is covered by Section 14, Chapter 106, R. S., 1954 and Rule 40 of the Revised Rules of the Superior and Supreme Judicial Courts.

The portions of Section 14, Chapter 106 which are pertinent to the issue are as follows:

> "When the court is held by 1 justice, a party aggrieved by any of his opinions, directions or judgments in any civil or criminal proceeding may, during the term, present written exceptions in a summary manner signed by himself or counsel, and when found true they shall be allowed and signed by such justice; ----------. If the justice of the supreme judicial court or of the superior court disallows or fails to sign and return the exceptions or alters any statement therein, in

either civil or criminal proceedings, and either party is aggrieved, the truth of the exceptions presented may be established before the supreme judicial court sitting as a court of law, upon petition setting forth the grievance, and thereupon, the truth thereof being established, the exceptions shall be heard and the same proceedings had as if they had been duly signed and brought up to said court with the petition. The supreme judicial court shall make and promulgate rules for settling the truth of exceptions alleged and not allowed."

Pursuant to Legislative authority granted by Section 14, Rule 40 was adopted and the portions of that Rule pertinent to the instant issue are as follows:

"A party desiring to establish before the Law Court the truth of exceptions presented to a justice at *nisi prius* and not allowed by him shall within ten days after notice of refusal to allow them *file in the court where they were taken* (emphasis supplied) his petition supported by affidavit and setting forth in full the bill of exceptions presented and all material facts relating thereto, and give a copy thereof to the opposite party or his attorney of record.

"The case thus made shall be entered and heard at the next law term upon certified copies as in other cases. If the truth of the exceptions be established they will be heard and judgment rendered thereon as if originally allowed."

In *Colby* v. *Tarr, et al.,* 140 Me. 128, 131; 34 A. (2nd) 621; this court said that:

"The Rule is obviously intended to provide machinery to accomplish the result contemplated by statute. It specifically outlines procedure whereby a party claiming to be aggrieved by non-action on his exceptions for 10 days may frame an issue which will disclose his grievance and have it determined at the next ensuing law term. It is clearly limited to cases where exceptions have not been allowed."

It is unnecessary for us to determine whether or not a petition to establish the truth of exceptions may be addressed directly to the Supreme Judicial Court sitting as a court of law, but compliance with the Rule which provides for filing the petition in the court where the exceptions were taken would seem to indicate the proper procedure. Suffice it for us to say that it appears that the petitioner has proceeded in accordance with the provisions of the statute and the supporting Rule of Court, and that the procedure adopted by him is in conformity with authorized procedure.

The motion to dismiss is, therefore, overruled.

Having disposed of the motion to dismiss, the next issue for determination is whether or not the presiding justice was correct in ruling that the petitioner had no right to file exceptions because a matter of judicial discretion was involved.

To reach a decision on this issue it is necessary to give consideration to the cases cited by the presiding justice as authority for his ruling, viz., *Sawyer* v. *Chase, supra; Bodwell-Leighton Company* v. *Coffin & Wimple, Inc., supra.*

Before approaching the issue itself, it seems necessary and advisable to state that apparently confusion has arisen in court decisions in the use of the expression "exceptions do not lie." It appears to have been assumed, in some cases at least, that this expression means that exceptions may not be taken and perfected, and it seems proper to point out that there is a strong distinction between preclusion against the filing of exceptions by a litigant and his success in having these exceptions sustained. In many decisions the court, in overruling exceptions has used the expression "exceptions do not lie" as synonymous with a statement that the exceptions cannot be sustained.

There are, of course, instances where a statute or a rule specifically precludes the taking of exceptions. For ex-

ample, Rule 17 provides that when a motion for a new trial is addressed to the presiding justice no exceptions lie to his decision. Here the rule means that exceptions may not be taken. However, while an exception taken to a ruling of a single justice requiring exercise of judicial discretion is not to be sustained unless there has been an abuse of discretion or unless the sitting justice has plainly and unmistakably done an injustice, the only way that an abuse of discretion on the part of a single justice can be reached is by exceptions.

Section 14, Chapter 106, *supra,* definitely provides that when a party is aggrieved by any of the opinions, directions or judgments of a single justice in any civil or criminal proceeding, written exceptions may be presented in a summary manner.

> "In all cases at law when court is held by a single justice his opinions, directions or judgments may be attacked by exceptions. See R. S., Chap. 94, Sec. 14. (Now R. S. Chap. 106, Sec. 14.) Such directions, judgments or opinions may be attacked only for errors in law." *Sears, Roebuck & Co.* v. *Portland, et al.,* 144 Me. 250, 256; 68 A. 2d. 12.

> "The distinction between the right to a review of a final decision of the court below by the Law Court on appeal and the right to a review of such decision on exceptions is not merely one of nomenclature and procedure. Not only is the procedure different, but the scope of inquiry by the Law Court is different. Exceptions reach only errors in law. Exceptions when taken to findings of fact by a single justice must attack such findings because of, and reach only errors in law. There is no error in law in a finding of fact by a single justice unless such fact be found without any evidence to support it. Examples of the application of this rule by this court may be found in cases where we have applied it to the decision of a single justice hearing a case at law without the intervention of

a jury. - - - - - - -; to a decree of divorce, *Bond v. Bond,* 127 Me. 117, 129; 141 A. 833; and to the decree of a Justice of the Superior Court sitting as the Supreme Court of Probate, *Cotting v. Tilton,* 118 Me. 91, 94; 106 A. 113. The rule has been so universally applied by this court that citation of further authorities is unnecessary." *Sears, Roebuck & Co. v. Portland, et al., supra.*

The right to except to errors of law is equally well established when the single justice is sitting as the Supreme Court of Probate. See *Cotting v. Tilton, supra; In Re Hooper Estate,* 136 Me. 451; 12 A. (2nd) 417; *Waning, Applt.,* 151 Me. 239, 252; 117 A. (2nd) 347; *Thibault, Applt. v. Est. Fortin,* 152 Me. 59, 66, 67; 122 A. (2nd) 545.

This court has decided many times that when a decree or ruling rests on the judicial discretion of the court its decision may not be successfully reviewed unless an abuse of discretion is shown or there is error of law.

In *State v. Hume,* 146 Me. 129; 78 A. (2nd) 496, it was held that in the absence of anything tending to show that judicial discretion was not properly exercised, a ruling based on such discretion is not subject to valid exceptions. It naturally follows that improper exercise of judicial discretion may be attacked by exceptions.

"The chief test as to what is or is not a proper exercise of judicial discretion is whether in a given case it is in furtherance of justice. If it serves to delay or defeat justice it may well be deemed an abuse of discretion." *Charlesworth v. Express Co.,* 117 Me. 219, 221; see also *State v. Bobb,* 138 Me. 242; *Bourisk v. Mohican Co.,* 133 Me. 207; *State v. Hume,* 146 Me. 129, 134; 78 A. (2nd) 496.

See also *McDonough v. Blossom,* 109 Me. 141, 145; where the court said:

"There are cases which hold that the discretion of the court in refusing or granting a continuance is

not subject to exception, but the great preponderance of the cases are to the contrary, where there has been a clear abuse of the discretion to the prejudice of the moving party."

"The exercise of a judicial discretion by a justice who is given by law authority to determine questions in his discretion cannot be reviewed by an appellate court, unless it is made to appear that the decision was clearly wrong or that it was based upon some error in law." *Augusta Water District* v. *Augusta Water Company*, 100 Me. 268, 270.

Manifestly, there is no other way to question erroneous exercise of judicial discretion than by exceptions.

"And it is well settled that judicial discretion must be exercised soundly according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. When some palpable error has been committed or an apparent injustice has been done, the ruling is reviewable on exceptions. *Charlesworth v. American Express Company*, 117 Me. 219, 103 A. 358; *Fournier (Hutchins) v. Tea Company*, 128 Me. 393, 148 A. 147. It is when judicial discretion is exercised in accordance with this rule that it is final and conclusive. *Chasse v. Soucier*, 118 Me. 62, 63, 105 A. 853." *American Oil Co.* v. *Carlisle*, 144 Me. 1, 10; 63 A. (2nd) 676.

In the instant case the first proposed exception attacks the ruling of the presiding justice upon the theory that there was no evidence to support his finding. This exception is based upon a finding of fact. The second proposed exception attacks the decree upon the theory that judicial discretion was improperly exercised because not based on any evidence at all. This was the situation faced by the court in *First Auburn Trust Company* v. *Baker*, 134 Me. 231; 184

A. 767; and the same situation presented in *Sard* v. *Sard,* 147 Me. 46; 83 A. (2nd) 286.

Up to this point, of course, we are not concerned with the merits of the exceptions, but are merely called upon to determine whether or not the presiding justice should have allowed the exceptions. Upon authority of abundant decisions of this court directly applicable to the procedure now before us, we see no reason why the exceptions should not have been allowed and it is our opinion that the petition should be granted and the truth of the exceptions established in accordance with the provisions of Section 14, Chapter 106, and Rule 40.

A study of the decision in *Sawyer* v. *Chase, supra,* with particular attention given to the language used, would seem to indicate that the presiding justice had sound reason for believing that exceptions cannot be taken to an exercise of judicial discretion on the part of the presiding justice sitting in the Supreme Court of Probate. In the *Sawyer-Chase* case, the court dismissed the exceptions, but only after it had applied the rules adhered to by this court that findings of fact by a single justice are conclusive when supported by adequate evidence, and that rulings based on judicial discretion may not be disturbed unless such rulings serve to delay or defeat justice.

However, the court went on to use this expression: "The exceptions were improvidently allowed and must be dismissed." Standing alone this expression would seem to be authority for a finding that a ruling based on judicial discretion is not subject to exceptions. The word "improvidently" probably was used as a synonym for "thoughtlessly." Its use was undoubtedly inadvertent.

A decision similar to that in *Sawyer* v. *Chase, supra,* was made in *Goodwin* v. *Prime,* 92 Me. 355, and both of these cases are cited in *Graffam* v. *Cobb,* 98 Me. 200, 206. Insofar

as these decisions may be construed as meaning that exceptions may not under any circumstances be taken to a finding of a single judge upon a matter involving exercise of judicial discretion, they are overruled.

The case of *Bodwell-Leighton Company* v. *Coffin & Wimple, Inc., supra,* is not in point because in this case there was involved an attempt to take exceptions to the overruling by the presiding justice of a motion for a new trial, such action being precluded by provisions of Rule 17.

Having ruled that the truth of the exceptions is established, we pass now to consideration of the merits of the exceptions.

In a case involving a petition for leave to enter a late appeal from a decree of a Judge of Probate, this court said in *First Auburn Trust Company* v. *Baker,* 134 Me. 231, 233; 184 A. 767:

> "As prerequisite to the maintenance of the petition the petitioner is required to prove that, from accident, mistake, defect of notice or otherwise without fault on its part, it omitted to claim or prosecute its appeal. This is a distinct element, essential of proof. If shown, then the presiding Justice must proceed to the second necessary element, that 'justice requires a revision.' The first element rests upon a finding of fact. The second calls for the exercise of judicial discretion, based upon facts."

The situation relating to the exceptions filed in the instant case is similar to that in the case of *First Auburn Trust Company* v. *Baker, supra,* and also *Sard* v. *Sard, et al.,* 147 Me. 46, 83 A. (2nd) 286.

The first exception attacks a finding of fact upon the basis that there was no evidence to support the finding. The second exception is addressed to an alleged error in judicial discretion upon the theory that the ruling was based upon entire lack of evidence.

This court has held in many opinions that the findings of the Justice in the Supreme Court of Probate in matters of fact are conclusive if there is any evidence to support them. *Cotting* v. *Tilton,* 118 Me. 91, 94; 106 A. 113; *In Re: Hooper Estate,* 136 Me. 451, 453; 12 A. (2nd) 417; *Edward* v. *Estate of Williams,* 137 Me. 210, 214; *In Re: Waning, Applt.,* 151 Me. 239, 252; 117 A. (2nd) 347; *Thibault, Applt.* v. *Est. Fortin,* 152 Me. 59, 66; 67 A. (2nd) 545.

The presiding justice found as a matter of fact that the failure to perfect the appeal was due to accident, not the fault of the petitioner. After a study of the record, we are of the opinion that the ruling of the presiding justice was justified by the evidence. The first exception must, therefore, be overruled.

As to the second exception, which attacks the exercise of judicial discretion, this court has pointed out in numerous opinions that the chief test of what is or is not the proper exercise of judicial discretion is whether in a given case a ruling is in furtherance of justice. See *Marston* v. *Dingley,* 88 Me. 546; *Augusta Water District* v. *Augusta Water Company, supra; McDonough* v. *Blossom,* 109 Me. 141, 145; *Bourisk* v. *Mohican Company,* 133 Me. 207; *First Auburn Trust Company* v. *Baker, supra; American Oil Company* v. *Carlisle, supra,* and *State* v. *Hume, supra.*

Careful examination of the record convinces us that there was a proper exercise of judicial discretion. The second exception must be overruled.

The entries will be:

> *Motion to dismiss petition overruled.*
>
> *Truth of exceptions established.*
>
> *Exceptions overruled.*
>
> *Cause remanded to Supreme Court of Probate.*