## SARAH C. GOWER,

Appellant from Decree of Judge of Probate of Androscoggin County.

Androscoggin.    Opinion March 3, 1915.

*Appeal.    Exceptions.    Guardian.    Mental Incapacity.    Petition.    Unsound Mind.*

This was a petition to the Probate Court of Androscoggin County, asking for the appointment of W. H. Judkins as guardian of the appellant.    Upon due notice and hearing thereon, it was decreed "that W. H. Judkins be appointed guardian of said Sarah C. Gower, and that letters of guardianship issue to him."

From this decree an appeal was taken to the Supreme Court of Probate.    Hearing was had on the appeal and the decree was affirmed by the presiding Judge.

The case is before the Law Court on exceptions to the ruling, and respondent's counsel also filed a motion for a new trial.

*Held:*

1.    The presiding Justice found that the appellant was incompetent to manage her estate and protect her rights.    This was a finding of fact, and not an inference of law, and having ample evidence to support it, such finding is conclusive.

2.    The findings of the Judge presiding in the Supreme Court of Probate in matters of fact are conclusive, if there is any evidence to support them.    And when the law invests him with the power to exercise his discretion, that exercise is not reviewable on exceptions.    If he finds facts without evidence, or if he exercises discretion without authority, his doings may be challenged by exceptions.

3.    There is no statute or rule authorizing a motion for a new trial in cases of appeal from a decree of a Judge of Probate, or of a single Justice in matters heard by him without a jury.

On motion and exceptions by respondent.    Exceptions overruled. Motion overruled.

This is a petition to the Probate Court of Androscoggin County, asking for the appointment of W. H. Judkins as guardian of Sarah C. Gower.    Upon notice and hearing thereon, said Judkins was appointed guardian of said Sarah C. Gower.    From this decree, an appeal was taken to the Supreme Court of Probate.    In the Supreme Court of

Probate, a hearing was had on the appeal and it was ordered that the decree of the Judge of Probate, appointing W. H. Judkins, guardian, be affirmed. To this decree affirming the decree of the Judge of Probate, respondent excepted, and a motion for a new trial was filed.

The case is stated in the opinion.

*Ralph W. Crockett*, for petitioner.

*McGillicuddy & Morey*, for defendant.

SITTING: SPEAR, CORNISH, KING, HALEY, HANSON, JJ.

HANSON, J. This was a petition to the Probate Court of Androscoggin County asking for the appointment of W. H. Judkins as guardian of the appellant. Upon due notice and hearing thereon it was decreed "that W. H. Judkins be appointed guardian of said Sarah C. Gower, and that letters of guardianship issue to him."

From this decree an appeal was taken to the Supreme Court of Probate. Hearing was had on the appeal and the following decree entered by the presiding Judge:

"This appeal is from the appointment of a guardian of the appellant, as a person of unsound mind, who by reason of infirmity and mental incapacity is incompetent to manage her estate and protect her rights.

The appellant is seventy years old, feeble in body, and undoubtedly of unsound mind in some respects. She has an estate of several thousand dollars. I do not think there is any danger that she will waste any of it upon herself. But the condition of her mind is such, owing to her delusions and hallucinations, that I think she is incompetent to protect her estate, and properly manage it.

It is therefore ordered that the decree of the Judge of Probate, appointing Wilbur H. Judkins, Guardian, be affirmed, and that the proceedings be remanded to the probate court."

The case is before the Law Court on exceptions to the ruling, and respondent counsel have filed a motion for a new trial on the ground that the decree is, 1st, against the evidence; 2nd, against law.

The exceptions must be overruled. A perusal of the record discloses that full hearing was had, and ample opportunity afforded for presentation of evidence. The petitioner was upon the stand and much time was devoted to the inquiry as to her mental condition and ability to manage her own estate.

The presiding Judge found that the appellant was incompetent to manage her estate and protect her rights. This was a finding of fact, and not an inference of law, and having ample evidence to support it, such finding is conclusive. *Costello* v. *Tighe*, 103 Maine, 324.

The question here involved is treated fully in *Palmer's Appeal*, 110 Maine, 441. Among other things the opinion holds:

"The findings of the Justice presiding in the Supreme Court of Probate in matters of fact are conclusive, if there is any evidence to support them. And when the law invests him with the power to exercise his discretion, that exercise is not reviewable on exceptions. If he finds facts without evidence, or if he exercises discretion without authority his doings may be challenged by exceptions."

Our conclusion necessarily disposes of the motion. It was not urged by counsel, and its purpose in the proceeding is not apparent. We know of no statute or rule authorizing a motion for a new trial in cases of appeal from a decree of a Judge of Probate, or of a single Justice in matters heard by him without a Jury.

The entry will be,

*Exceptions overruled.*
*Motion overruled.*