## PATRICK B. PEMBROKE

### Appellant from Decree of Judge of Probate.

### Piscataquis.    Opinion October 15, 1918.

*Probate appeal.    Reason for appeal.    Rule as to findings of fact by sitting Justice
being final and conclusive.    Exceptions.*

This was an appeal by Patrick B. Pembroke, husband of Mary Pembroke,
deceased, from a Decree of the Judge of Probate for the County of Piscataquis,
granting administration of ·the estate of said Mary Pembroke, to Charles W.
Hayes, on the petition of Hughes & Son Piano Manufacturing Company, claim-
ing to be a creditor of said estate.

*Held:*

1.   The testimony authorizes the finding of the sitting Justice.    There is nothing
before us to justify varying the rule that exceptions do not lie to the findings
of fact by the presiding Justice, and such findings are final, binding and con-
clusive if there is any evidence to sustain such findings.

2.   It clearly appears that Mary Pembroke owned the piano for which payment is
claimed, that she was indebted to Hughes & Son Company for the balance due
it thereon, and that she promised to pay it that amount.    The obligation was
her own and not within the Statute of Frauds.

Appeal from decree of Judge of Probate in the matter of the
appointment of an Administrator.    Appeal was duly entered at
Supreme Court of Probate and from the rulings of the Justice presid-
ing certain exceptions were filed.    Judgment in accordance with
opinion.

Case stated in opinion.

*Harry L. Smith, and John S. Williams*, for plaintiff.

*Charles W. Hayes*, for defendant.

SITTING:   BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

HANSON, J.   This was an appeal by Patrick B. Pembroke, hus-
band of Mary Pembroke, deceased, from a decree of the Judge of
Probate for the County of Piscataquis, granting administration of the

estate of said Mary Pembroke, to Charles W. Hayes, on the petition of Hughes & Son Piano Manufacturing Company, claiming to be a creditor of said estate.  The following reasons of appeal were alleged:

First:  That said Charles W. Hayes is not an heir at law, or next of kin of said Mary Pembroke.

Second:  That your appellant, Patrick B. Pembroke, is the widower of the said Mary Pembroke, and is a suitable person for Administrator of her estate.

Third:  That Hughes & Son Mfg. Co. was not a creditor of the said Mary Pembroke during her lifetime, and is not a creditor of her said estate.

Fourth:  That said Charles W. Hayes is not a creditor of the estate of said Mary Pembroke.

At the hearing the first, second and fourth reasons of appeal were admitted; the issue was upon the third reason, and involved the ownership of a piano.

A statement of the case, so far as material here, may be taken from the exceptions, which were to the admission of certain testimony filed by the appellant.  "John Pembroke, son of the late Mary Pembroke, hired and received of the petitioning corporation a certain piano, known as Hughes & Son Mfg. Co. Style Hook, No. 22308, agreeing to pay certain instalments until the full sum of three hundred dollars had been paid.  John Pembroke signed a certain writing or contract, commonly called a lease, November 29, 1913, and on the same day delivered to said corporation an organ for which he was allowed Thirty-Five Dollars by said corporation which was applied to the purchase price of said piano, and in said lease agreed to pay Seven Dollars per month thereafter until the full sum of Three Hundred Dollars had been paid.  John Pembroke, with the knowledge of Hughes & Son Co. assigned all his right and title in said lease to his mother Mary Pembroke in February, 1916.  Mary Pembroke died in June following, and her husband failing to seek administration of her estate, the petition herein was filed and allowed.  The appellant claimed "that the assignment of said lease from John Pembroke to his mother was a conditional assignment; that it was made in anticipation of his going to the Mexican Border, that any interest he might have in said lease should go to his said mother in case he should not return home; but to be null and void should be return alive.  And appellant further claims that said assignment was, in its nature,

asking said Mary Pembroke to assume the obligation of another, clearly within the statute of frauds; that Mary Pembroke was not indebted to said Hughes & Son Mfg. Co. during her life time, consequently her estate is not indebted to said Company."

Appellant excepted to the admission of testimony which tended to show that Mary Pembroke, in her lifetime, acquired and exercised ownership over said piano, with the consent of Hughes & Son Co., and that certain payments were made on the amount due them, in her behalf and upon her account, that she acknowledged her liability and promised to pay the balance due. The testimony came from disinterested parties, having full knowledge, and in part relating to documents belonging to Mary Pembroke, and was clearly admissible. The exceptions presented these questions: Was the lease or contract between John and Mary Pembroke within the Statute of Frauds? Was the undertaking of Mary Pembroke simply to pay the debt of her son, and not her individual undertaking?

The presiding Justice upon hearing the evidence, found for the appellee, and entered his decree as follows: "This case was heard by me on the 17th day of October, 1917. After a careful consideration of the law and the evidence my conclusion is that the appeal should be dismissed and the decree of the Judge of Probate affirmed. I therefore direct the Clerk of Court to make the entry 'Appeal dismissed with costs. Decree of Judge of Probate affirmed.'

"As a part of my finding I also file the evidence with decree."

The testimony authorizes the finding of the sitting Justice. There is nothing before us to justify varying the rule that exceptions do not lie to the findings of fact by the presiding Justice, and such findings are final, binding and conclusive if there is any evidence to sustain such finding. *Palmer's Appeal*, 110 Maine, 441; *Gower, Appellant*, 113 Maine, 156. It clearly appears that Mary Pembroke owned the piano, that she was indebted to Hughes & Son Co. for the balance due them thereon, and that she promised to pay them that amount. The obligation was her own and not within the Statute of Frauds. *Colbath* v. *Seed Co.*, 112 Maine, 277.

The entry will be,

> *Exceptions overruled.*
> *Appeal dismissed with costs.*
> *Decree of Judge of Probate*
> *affirmed.*