CATHERINE QUINN, Appellant from Decree of Judge of Probate In Re, Estate of MICHAEL McCARTHY.

Androscoggin County.  Decided April 5, 1921.  This is an appeal to the Supreme Court of Probate from the findings and decree of the Judge of Probate in Androscoggin County, allowing the will of said Michael McCarthy.  A jury trial was requested and ordered by the Justice at nisi prius.  The following questions, by agreement, were submitted to the jury for answers, to wit:

FIRST:—At the time of the execution of the instrument purporting to be the last Will and Testament of Michael McCarthy to wit:— February 2, 1919, was the said Michael McCarthy of sound mind?

SECOND:—Was the execution of said instrument procured by the undue and improper influence of Mary Kalesparaky, alias Mary Thelasinou, or of any person or persons?

When the evidence was all in, the presiding Justice withdrew the case from the jury and subsequently made a decree that the appeal be dismissed, that the decree of the Judge of Probate be affirmed; that the instrument purporting to be the last Will and Testament of Michael McCarthy be allowed, and that the cause be remanded to the Probate Court of Androscoggin County for further proceedings.

To this decree, the appellant excepted and now asks that her exceptions be allowed. The appellant seasonably moved the court not to enter any final decree pending exceptions to the Law Court on the issues presented, but decree being made, notwithstanding such motion, said appellant excepted to the making of such decree and asked that her exceptions be allowed. The latter exception was not pressed in argument and must therefore be regarded as waived.

The issues upon which the presiding Justice made his finding and decree were wholly issues of fact. The law is well settled in this State that the findings of a Justice in the Supreme Court of Probate are conclusive on issues of fact if there be any evidence in support of those findings, and when the law invests him with the power to exercise his discretion, that exercise is not reviewable on exceptions; although if he finds facts without evidence or if exercises discretion without authority his doings may be challenged by exceptions. *Palmer's Appeal*, 110 Maine, 441; *Gower, Appellant*, 113 Maine, 156. The record discloses evidence upon which the findings of the Justice below could properly be made and no abuse of discretion appears. The mandate of the court, accordingly, will be. Exceptions overruled. Decree of Supreme Court of Probate affirmed with costs. *McGillicuddy & Morey*, for plaintiff. *Benjamin L. Berman, and George S. McCarty*, for defendant.