MARION HOOPER SIMMONS, APPELLANT

IN RE ESTATE OF PHOEBE J. HOOPER.

Hancock.        Opinion, April 18, 1940.

452

*William S. Cole,*
*Clarke & Silsby,* for appellant.
*Blaisdell & Blaisdell,* for appellee.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

HUDSON, J. This case arises out of an appeal from the decision of the Judge of Probate of Hancock County allowing the will with codicils of Phoebe J. Hooper, late of Bucksport. The Supreme Court of Probate, without an advising jury, heard the appeal, "disallowed and dismissed" it, "approved and reaffirmed" the decree of the Judge of Probate, and so decreed, whereupon the appellant filed a motion for a new trial and exceptions.

MOTION. The case is not properly before us on motion. We find no decision of this Court holding that in the absence of a jury's verdict a decree of the Supreme Court of Probate may be reviewed on motion. The contrary has been held. *Gower, Appellant,* 113 Me., 156, 158, 93 A., 64.

In *Tuck* v. *Bean,* 130 Me., 277, 155 A., 274, there being no jury trial, a general motion for a new trial and exceptions were filed. This Court said on page 278:

"... A decree of a Justice of the Supreme Court of Probate, under the statutes of this state, can not be reviewed by this court on a general motion for a new trial."

In *Eastman et al., Appellants,* 135 Me., 233, 194 A., 586 (trial without jury), there were exceptions and motion for new trial following a decree by the Supreme Court of Probate. The motion was not pressed and procedure by exceptions was commended.

It is to be noted that in *Martin, Appellant*, 133 Me., 422, 179 A., 655, there was a trial by jury.

EXCEPTIONS. The only exception is to the decree of the Supreme Court of Probate by which, as above stated, the decree of the Judge of Probate was affirmed.

In the recent case of *Appeal of Bronson*, 136 Me., 401, 11 A. (2d), 613, it is stated:

"It is now well settled that this Court under R. S., Chapter 91, Section 24, has jurisdiction over exceptions in civil and criminal proceedings only when they present in clear and specific phrasing the issues of law to be considered. The presentation of a mere general exception to a judgment rendered by a justice at *nisi prius* is not sufficient under the statute. *Gerrish, Exr.* v. *Chambers et al.*, 135 Me., 70. An exception to a judgment rendered in the Supreme Court of Probate is within the rule."

As in the *Bronson* case, *supra*, so here, the only exception "is directed generally and indiscriminately to the judgment below denying the appeal from the Probate Court of original jurisdiction without assignment of the specific error of law upon which the exceptant relies." The *Bronson* case governs and is controlling on the sufficiency of the instant exception.

The employment either of the general motion or of this exception as drafted does not entitle the appellant to a decision on the merits of this litigation, but, nevertheless, a careful study of the record has been made and no injustice appears to have been done.

"The findings of a Justice of the Supreme Court of Probate in matters of fact are conclusive if there is any evidence to support them. It is only when he finds facts without evidence that his finding is an exceptionable error in law. *Cotting* v. *Tilton*, 118 Me., 91; *Packard, Applt.*, 120 Me., 556; *Rogers, Applt.*, 123 Me., 459, 461." *Pearson, Appellant*, 127 Me., 542.

Also see *Eacott, Appellant*, 95 Me., 522, 526, 50 A., 708; *Palmer's Appeal*, 110 Me., 441, 443, 86 A., 919; *Thompson, Appellant*, 116 Me., 473, 477, 102 A., 303; *Pembroke, Appellant*, 117 Me., 396, 398, 104 A., 630; *Quinn, Appellant*, 120 Me., 545, 546, 113 A., 38;

*McKenzie et al., Appellants*, 123 Me., 152, 153, 122 A., 186; *Garland, Appellant*, 126 Me., 84, 98, 136 A., 459; *Mitchell, Exceptant*, 133 Me., 81, 87, 174 A., 38; *Chaplin, Appellant*, 133 Me., 287, 289, 177 A., 192; *First Auburn Trust Co., Appellant*, 135 Me., 277, 282, 195 A., 202; *Wallace* v. *Gilley et al.*, 136 Me., 523, 12 A., 2d, 416.

In conclusion, we do not hesitate to state that there is not only some but ample evidence to support the decision of the Supreme Court of Probate.

*Motion overruled.*
*Exceptions overruled.*