## JOHN M. ADAMS

*v.*

## CHARLES GARDNER.

1. PLEADING—*when particular damage must be stated in declaration.* It is a rule of pleading that, whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, the plaintiff must state the particular damage he has sustained, to enable him to give evidence of it.

2. In an action for damages for driving against a plaintiff's phaeton and breaking it, the declaration stated that the plaintiff was compelled to expend $500 for repairs, and that the phaeton became useless: *Held*, that this was broad enough to admit evidence of cost of repairs and of diminished value of the phaeton after it was repaired, but, that evidence in regard to the loss of the use of the phaeton, while being repaired, was inadmissible, no special damage on that account being alleged.

·APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BENNETT & SHERBURNE, for the appellant.

Messrs. MILLER & FROST, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action to recover damages for driving against and breaking the plaintiff's phaeton, wherein, on trial before the court below, without a jury, judgment was rendered for the plaintiff for $132.50, and the defendant appealed.

The plaintiff on the trial testified that the reach, one of the shafts and the dash board of his vehicle were broken, both the axles were sprung and the top was bent; that the cost of the repairs was $17.50, and he further testified, against objection, that the phaeton was worth, he considered, at least $100 less after it had been broken and repaired than before the injury; that a repaired buggy was never as good as it was before; that it took about ten days to have the repairs made; that the cost of the hire of a buggy at a livery stable would be about $1.50 or $2 per day.

It is objected, that testimony as to the last two items of damage—the diminished value of the phaeton after being repaired, and the loss of the use of it while being repaired— was not admissible under the declaration, because the only damage averred in the declaration is, the breaking of particular portions of the phaeton, in consequence of which plaintiff was compelled to spend $500 in repairs.

But the declaration alleges that by the breaking of it, the phaeton became useless. This allegation was broad enough to admit of evidence of how much the phaeton was lessened in value by the injury.

But the evidence upon the subject was quite unsatisfactory as showing that the phaeton, after being repaired, was worth $100 less than before broken, and the court must have allowed that full amount.

The carriage builder who repaired it, testified that it was worth $250 or $275 before it was broken; that he did not know how much less it was worth after it was repaired than before the injury; that the work he put on it was good; he

put new wood in place of the old wherever the old was broken, and made a workmanlike job of it.

The evidence in regard to the loss of the use of the buggy was clearly inadmissible. No such claim of special damage was laid in the declaration. The only claim of damage made by the declaration, more than that the phaeton had become useless, was the expense of repairing. It is a rule of pleading that, wherever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it. *Olmstead* v. *Burke,* 25 Ill. 88; 1 Chitty's Pl. 441.

This rule would exclude evidence of the loss of the use of the phaeton under this declaration.

It was in evidence that, after the repairs had been made, plaintiff presented to defendant what he said was a bill of the damage done, which was $17.50, and made no claim for loss of use of his phaeton, nor of damage because of its being then a repaired phaeton.

We are of opinion the court below manifestly erred in its finding and judgment, and the judgment is reversed, and the cause remanded.

*Judgment reversed.*