## Mary A. Roberts v. Michael Fitzgerald.

*Highways: Obstructions: Declaration: Special damages.* In an action to recover damages suffered from an unlawful obstruction of a highway, no recovery can be had by reason of a third person passing over plaintiff's land to get around the obstruction, in the absence of a special allegation of such damage or of the averment of facts and circumstances from which such a consequence would naturally result.

*Highways: Obstructions: Damages: Plaintiff's own acts.* One cannot recover for being compelled by highway obstructions to travel several miles around by another highway, where such obstructions are partly of her own erection and where but for her part therein there would be ample room for passage.

*Charge to the jury: Exception: Practice.* A charge to the jury to which no exception was taken will not be considered on error.

*Heard October 12.    Decided November 2.*

Error to St. Clair Circuit.

*Henry M. Cheever,* for plaintiff in error.

*Atkinson & Atkinson,* for defendant in error.

PER CURIAM:

The plaintiff sued to recover damage she claimed to have suffered by the defendant's obstruction of a highway.

The obstruction as alleged consisted in fencing in and across the highway near to certain land of the plaintiff. The declaration set up that for more than twenty years prior to the commencement of the suit the highway in question had been, and still was, a common public traveled highway, and was the main outlet or passage way for the plaintiff in the use and enjoyment of her said land, and without which she was injured in the use and occupation of it; that by reason of such obstruction she was prevented from passing upon or using said highway, and was greatly annoyed and incommoded in the use, possession and enjoyment of her farm; that she was compelled, in order to obtain ingress and egress, to travel several miles further by another high-

way, and to expend much money in traveling and procuring teams therefor.

The general issue being pleaded, the cause was tried by jury, who found for defendant, and the plaintiff brought error. The only objections to the proceedings relate to the directions and rulings of the judge in charging.

There was evidence tending to show that one Campbell was compelled to deviate and pass round upon the plaintiff's land, and the plaintiff requested a charge that if any one was compelled by reason of the fence to go around upon her land, it was matter of special damage for which she could recover. This was refused, and the refusal is assigned for error. The ruling was right. There was no suggestion in the declaration that any damage would be claimed on account of the passage of third persons over the plaintiff's land to avoid the fence, and such damage could not be regarded as a necessary consequence of the facts and circumstances set forth. We need not consider how the point would have appeared if the declaration had afforded ground for it.

There was evidence tending to show that defendant made a fence which occupied and obstructed a part of the highway, and also evidence tending to show that the plaintiff placed her fence in the highway there, and thereby occupied and obstructed it from four to twelve feet. The defendant requested, and the court charged, that if the plaintiff could have passed if she had not moved her own fence into the road she could not recover. This ruling is complained of, but we think the objection untenable. If she helped to seal up the road, and in doing what she did precluded her own passage, she became the author of the particular injury she alleges in her declaration.

It is lastly objected that the court instructed the jury, that unless the highway had been used and traveled twenty years prior to the alleged obstruction by defendant the plaintiff could not recover. The proposition in the charge does not appear to have been given as a direction to the jury, but

seems to have been mentioned rather as something conceded, and there is nothing in the case to indicate that there was any dispute in regard to the existence of the highway, or in regard to its having been used and traveled for more than twenty years.   The declaration and affidavit for *capias* both stated that it had been used and traveled for the period mentioned.   But aside from this, this part of the charge was not excepted to, and consequently there is not the least basis in the record for the allegation of error.

The judgment should be affirmed, with costs.