41  311
140s 486

## NORTH CHICAGO STREET RAILWAY COMPANY
### v.
## JAMES WHITCOMB COTTON.

*Street Railways—Negligence of—Personal Injuries.*

1.   Where, in a personal injury case, the nature of the accident as proved, is such as to raise a presumption of negligence on the part of the defendant, the latter can not defeat a recovery unless it is shown how the accident happened and that it could not have been prevented by the greatest degree of diligence practicable under all the circumstances of the case.

2.   A plaintiff in a given case is confined to the proof of the specific acts

of negligence averred in his declaration, and it is reversible error to admit evidence of acts other than those alleged.

3. Under a count setting forth that a street railway company "negligently ran and operated its road and the cars propelled thereon," any act of negligence in the operation of the road would be admissible, and issue being taken upon such count, it may be shown that the defendant operated its road without placing sand boxes upon its grip cars.

4. In this case it was proper to decline to allow the plaintiff to be cross-examined as to the condition of his health twelve years before the accident.

5. All general ground of objection to the admission of evidence, is waived by making the objection specific.

6. Irrelevant remarks by counsel which have no influence upon the jury in a given case, are no ground for reversal.

7. To warrant a recovery for special damages, the particular damage must be stated in the declaration.

[Opinion filed July 30, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. W. J. HYNES and EDMUND FURTHMANN, for appellant.

Messrs. STILES & LEWIS and CHARLES M. PEALE, for appellee.

MORAN, P. J. Appellee recovered a judgment against appellant for injuries alleged to have been received through negligence chargeable to appellant.

The first count in the declaration alleged "that defendant negligently ran and operated its road and the cars propelled thereon, and that by reason thereof the car in which the plaintiff was then and there being carried, was run into from the rear by another car belonging to defendant, and the plaintiff, while in the exercise of due care, was hurt, bruised, wounded and permanently injured and disabled, and the wooden leg which the plaintiff then and there wore, of the value of, to wit, $200, was broken and rendered worthless, and the plaintiff suffered great pain and was hindered and prevented from transacting his business and lost and deprived

of gains," etc., and "was thereby compelled to, and did lay out and expend divers large sums of money in and about being cured of his said injuries, to wit, $1,000," to his damage, etc.

The second account alleged that the grip car was defective and out of order, and could not be disconnected from the cable, and thereby, etc.

The third count alleges negligence of defendant in having brakes on colliding trains which were "defective, insufficient and out of order," thereby causing the injury.

It was shown by the evidence that appellee was a passenger on a street car of defendant, run by cable, and at the time of the accident was standing on the rear platform of the rear car, when it was run into, from behind, by another car of defendant following on the same track, while going through the La Salle street tunnel; that he was crushed between the colliding cars, his artificial leg split and rendered worthless, and the flesh on the stump of his leg torn and lacerated.

This was all that appellee was called on to prove to make out a cause of action under the first count of his declaration. From this evidence a *prima facie* case of negligence was made out against the company, and the burden was placed on it to show that the accident resulted from some cause for which it was not responsible.

The nature of the accident, as proved, was such as to raise a presumption of negligence on appellant's part, and the company could not defeat a recovery by the plaintiff, unless it showed how the accident happened, and that it could not be prevented by the exercise of the greatest degree of diligence practicable under all the circumstances of the case. G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 509; P., C. & St. L. Ry. Co. v. Thompson, 56 Ill. 138; P., P. & J. R. R. Co. v. Reynolds, 88 Ill. 418; Eagle Packet Co. v. Defries, 94 Ill. 598; Curtis v. R. & S. R. R. Co., 18 N. Y. 534.

Appellant offered no evidence in explanation of the accident nor sought by the proof of any facts to relieve itself from the implication of negligence raised against it by the evidence introduced by the plaintiff. Appellant now contends

that the judgment ought to be reversed because the court allowed the plaintiff to prove against defendant's objection, acts of negligence not specifically set out in the declaration.

Two of the counts of the declaration, as we have seen, did allege particular acts of negligence, and if the declaration contained no other count, plaintiff would have been confined to the proof of the specific negligence averred, and if defendant sought by evidence to deny or excuse the acts alleged, it would be reversible error to allow the evidence of other acts of negligence than those alleged. T., W. & W. Ry. Co. v. Foss, 88 Ill. 551; T., W. & W. Ry. Co. v. Beggs, 85 Ill. 80.

But the first count of the declaration alleges that defendant "*negligently ran and operated* its road and the cars propelled thereon, and that by reason thereof," etc. Under such an allegation any act of negligence in the operation of the road would probably be admissible. There is no attempt to disclose what particular acts of negligence are relied on.

It may be that defendant could have required more specific pleading, but that was not sought. Issue was taken on this count, and plaintiff was therefore entitled to prove any negligence in the running or operating the road or the cars propelled thereon, and so proof that the road was operated without sand boxes on the grip cars, was admissible. C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; C., B. & Q. R. R. Co. v. Warner, 108 Ill. 549.

But evidence of particular negligence was entirely unnecessary on the part of plaintiff. He was not called on for any such proof, and he would have been more wise and skillful in the trial of his case had he omitted it.

There is no aspect of the case in which appellant can complain of it, however. As the verdict would go against the company without proof of any specific negligence, and as no effort was made to account for or excuse the accident or rebut the inference of negligence arising from the fact that it occurred, no harm could result from plaintiff going farther than the law required and specifying by evidence particular negligence.

Complaint is made that the court did not allow counsel to cross-examine plaintiff as to the condition of his health or as to his being afflicted with disease at a period some twelve years prior to the accident. The matter inquired about was too remote. The witness in his direct examination was confined to stating the condition of his health and his freedom from disease at the time of the accident. Counsel's suggestion to the court was, not that he expected to prove any particular fact, but that he might be able to prove by the witness himself that antecedent to the amputation of his leg (which occurred eleven years before the accident) he was laboring under a disease that he might be able to show by experts, was of a continuing character and would account for his pains.

We think the court did not abuse discretion in refusing to allow the question.

It is contended that it was error to allow evidence of the doctor's bill, incurred by plaintiff in being cured of the injury received by the accident, it appearing that the bill was not paid, the allegation in the declaration being that the plaintiff " was thereby compelled to, and did lay out and expend divers large sums of money in and about being cured of said injuries."

The answer to this is, that the point is not raised in the record. The physician's testimony was taken by deposition and the objection to the question as to the value of his services is thus stated in the bill of exceptions.

" To the question, ' Will you state what, in your opinion, was the value of your services rendered in that particular case to the plaintiff,' defendant objected, on the ground that no sufficient foundation has been laid to show that the physician is entitled to recover anything." This was a specific objection, and must have been understood to relate to some lack of qualification of the witness as a physician, or as an expert on the value of services. It certainly raised no question as to a variance between the evidence and the declaration. All general ground of objection was waived by making the objection specific.

The evidence was probably not admissible, but it is in, without tenable objection having been made to it in the court

below, and it is too late to raise the question here. As was said by the Supreme Court in Wickenkamp v. Wickenkamp, 77 Ill. 92, "The proof offered and admitted was not, however, competent evidence, and had the proper objection been made, it would have been error to have admitted it; but when specific objections are made to the admission of testimony, none of which are tenable, other objections must be regarded as waived."

It is contended that this case should be reversed for the improper suggestion made to the jury by the attorney for appellee, both in the opening statement and in the closing speech.

It must be said that much irrelevant matter was, as it seems to us, unnecessarily brought into the discussion by appellee's counsel, somewhat to the neglect of the facts and issues in the case. But we can not see that any harm resulted to appellant. There certainly is no evidence in the verdict returned, that the jury were influenced or their passions or prejudices aroused by the irrelevant remarks of counsel. The verdict is but little above the value of appellee's time lost in being cured, as that is shown by the evidence. Yet there was evidence tending to show great pain and suffering endured, which, in our experience, is an element of damage that usually appeals most strongly to a jury in railroad injury cases. Besides, as to some of counsel's most objectionable statements, no ruling of the court below was asked. Throughout the speech as printed in the abstract furnished by appellant, there is interspersed the phrase, "Exception by counsel for defendant," and nothing more. Such a statement in such connection is without legal consequence. The court was not called on by it to rule, and as appears, did not rule on what was said. Marder, Luse & Co. v. Leary, 26 N. E. Rep. 1093.

In some instances it is shown that there was a regular objection to statements or suggestions, and the court requested to rule thereon, and an exception to the ruling regularly preserved. We find no ruling in this regard which we deem so injuriously erroneous as to require a reversal of the judgment.

Finally, it is alleged that evidence of the cost to plaintiff of

procuring a new wooden leg was erroneously admitted, against objection, and when no averment or claim for special damage in the declaration justified its admission.    To this contention we are compelled to accede.

The allegation in the declaration relates to the value of the old wooden leg, which was rendered worthless, and not to the cost of a new one to replace it.

There was no attempt to prove the value of the old artificial leg, and no allegation which would permit proof of the cost of a new one.    To warrant a recovery for special damages, the particular damage must be stated in the declaration. Adams v. Gardner, 78 Ill. 568; C., B. & Q. R. R. Co. v. Hale, 83 Ill. 360; Chicago v. O'Brennan, 65 Ill. 160.

The evidence was that the new leg cost $207, and that sum must be regarded as improperly included in the judgment.

This error appellant is entitled to have corrected.    This may be done by appellee remitting the sum of $207 from the said judgment in this court.    If appellee shall forthwith file a *remittitur* of said sum of $207, the judgment will be affirmed for $1,793; otherwise the judgment will be reversed and the case remanded.