NANCY DENTON v. W. W. ORDWAY, Appellant.

**Damage:** HUSBAND AND WIFE: *Earnings of wife.* In an action of a wife to recover damages for injuries inflicted, her loss of time cannot be considered as an element of damages, where it is not shown that she has any employment apart from her husband.

Evidence: RELEVANCY.   In an action to recover for injuries inflicted
2   by defendant it is error to admit evidence of their permanence.
where the petition does not allege such fact.

SAME.   Whether plaintiff is a member of any church is immaterial in
3   an action to recover damages for injuries inflicted by defendant,

*Appeal from Monona District Court.*—HON. G. W. WAKE-
FIELD, Judge.

### FRIDAY, MAY 19, 1899.

FROM a judgment on a verdict in favor of the plaintiff,
the defendant appeals.—*Reversed.*

*Mackenzie, Dewey & Jackson* and *B. F. Ross* for appel-
lant.

*McMillan & Kendall* and *J. A. Pritchard* for appellee.

LADD, J.—The husband of the plaintiff was largely
indebted to the defendant, and, owing to some trouble, the
latter assigned the claims to his son, who obtained judgment
for over one thousand three hundred dollars, and also pro-
cured an order in proceedings auxiliary to execution, requir-
ing the delivery of certain notes to the clerk of court.  Instead
of doing this, Denton and his wife, the plaintiff, went to the
defendant's house to make settlement of the indebtedness.
The plaintiff testified that when on the porch, and about to
enter the defendant's office, he demanded from the kitchen,
where he was reading, "What in hell do you want?"  They
then turned into a hallway leading to that room, and the hus-
band said, "Well, I have come to pay you what I owe you."
Thereupon the defendant cursed him, declined to settle, and
threatened to law him as long as he had a dollar.  The plain-
tiff then said to her husband, "Oh, come; there is no use try-
ing to settle with a mad man," and he withdrew from the
house, passing the plaintiff, who did not then start. The defend-
ant thereupon moved towards her, and either struck or
grabbed her by the shoulder, and pushed her towards the door,

and using opprobrious language, ordered her out. In turning or reaching for the banister, she sprained her ankle, but walked out to the wagon. She made no outcry, and, though the husband claims to have seen the defendant strike or grab and push his wife, he offered no interference. The defendant admitted ordering them from his house, the use of profane language in anger, but denied having struck, grabbed, pushed, or touched the plaintiff, and he is corroborated by other witnesses.

I.   In the fourth instruction, the court, among other things, told the jury that "in assessing such damages you will consider and take into account the character and extent of the injuries inflicted upon the plaintiff by reason of such assault, so far as the same has been shown by the evidence, the physical pain and suffering thereby caused and endured by the plaintiff, the length of time she was unable to perform her household duties by reason thereof." The plaintiff had testified she was unable to work for more than a week after being injured. There was no evidence that she had any business or employment apart from her husband. Under these circumstances the rule announced in *Tuttle v. Railway Co.*, 42 Iowa, 518, and *Nichols v. Railway Co.*, 68 Iowa, 736, obtained, that the jury ought not to have been permitted to take plaintiff's loss of time into consideration as an element of damages.

II.   The petition does not allege the injuries to have been permanent. Nevertheless, a physician was allowed to testify, over the objection of the defendant, that as the sprain was the second one to the same ankle, the injury would likely be permanent. The evidence was not pertinent to any issue in the case. As the jury might consider the extent of the injury, and therefore its permanency, under the instruction set out, we think the ruling in receiving this evidence erroneous and prejudicial.

III.   This was a part of the examination of the plaintiff, over objections to each question: "I will ask you if you

are a member of any church? A. I am. Q. What denomination. A. The Baptist. Q. Do you live in the community where your neighbors and friends are of the same church? A. No, sir. My church is above Ute. None of the members live near." On what theory this testimony was received does not appear. That her membership of any church or society ought not to be considered in fixing damages is too apparent for discussion. See *Railway Co. v. Bush,* 101 Ind. 582. Possibly, no prejudice resulted. We call attention, however, to the error that it may be avoided on another trial. We discover no other errors in the record. Because of those pointed out, the judgment is REVERSED.