DAISY FITCH *vs.* JAMES SIDELINGER.

Knox.    Opinion December 20, 1901.

*Practice.    Continuance.    New Trial.*

Before the trial of a cause the defendant's counsel presented to the court a written motion to have the action dismissed, alleging that a new declaration, setting out a different cause of action, had been substituted for that originally filed with the writ, without the knowledge or permission of the court. It appeared from the exceptions that the defendant "offered to support the same by evidence and asked for a postponement of the trial for that purpose." The presiding judge overruled the motion and required the defendant to proceed to trial. It did not appear, however, that the defendant offered, or was prepared, to present any evidence at that time, but his motion was for a "postponement of the trial for that purpose."

*Held;* that the ruling of the presiding justice denying this motion for a postponement, was clearly a matter of discretion, and in the absence of anything tending to show that this discretion was not properly exercised the ruling was not subject to exceptions.

The conclusion is irresistible that the defendant knew before the trial what the witness Orff, whose evidence was alleged to have been newly-discovered would testify to or by the exercise of due diligence might have known it. Furthermore, her testimony was for the most part essentially cumulative, and after a careful reading of all the evidence in the case it does not seem probable that her testimony would have changed the result. Under such circumstances a new trial should not be granted.

Testimony of witnesses, whose evidence is alleged to have been newly-discovered, irregularly taken cannot be considered by the court.

A motion for a new trial on the ground of newly-discovered evidence will not be entertained unless accompained by a statement under oath comprising the names of the witnesses whose testimony is desired and the particular facts they are expected to prove, with the grounds of such expectation. Evidence taken without such reasonable notice and information to the opposing party, will not be received in support of such a motion.

Motion and exceptions by defendant. Overruled.

Action for trespass to the person.

The case is stated in the opinion.

*L. M. Staples,* for plaintiff.

*M. A. Johnson and O. D. Castner,* for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, POW-ERS, FOGLER, JJ.

WHITEHOUSE, J. This is an action to recover damages for a trespass upon the person. The jury returned a verdict for the plaintiff for $319.58, and the case comes to this court on exceptions and a motion for a new trial on the ground of newly-discovered evidence.

I. The exceptions. Before the trial of the cause at the December term, 1900, the defendant's counsel presented to the court a written motion to have the action dismissed, alleging that a new declaration, setting out a different cause of action, had been substituted for that originally filed with the writ, without the knowledge or permission of the court. It appears from the exceptions that the defendant "offered to support the same by evidence and asked for a postponement of the trial for that purpose." The presiding justice overruled the motion and required the defendant to proceed to trial. It does not appear, however, that the defendant offered, or was prepared, to present any evidence at that time, but his motion was for a "postponement of the trial for that purpose." The ruling of the presiding justice denying this motion for a postponement, was clearly a matter of discretion, and in the absence of anything tending to show that this discretion was not properly exercised the ruling was not subject to exceptions.

II. The motion. It appears from the testimony of Mrs. Orff, whose evidence is alleged to have been discovered after the trial in

December, that she was a near neighbor of the defendant and had known him from childhood. She further testifies, inter alia, that she was summoned to appear at the December term of court when the case was tried, but the night before received word that the writ had been changed and that they didn't need her evidence. She also states that the defendant called at her house to see her just before the December court, and told her that he wanted her to come over.

It is true that the witness elsewhere states that she was summoned in another case, and denies that she had told the defendant before the trial that she knew anything about this case. But she nowhere retracts the statement that the defendant called to see her in December before the trial, or explains her testimony that she was summoned to appear at court in December and the night before "got word that the writ had been changed and they didn't need her evidence."

There is no intimation that the writ had been changed in any other case in which she had been summoned, and the conclusion is irresistible that the defendant knew before the trial what the witness would testify to, or by the exercise of due diligence might have known it. Furthermore, her testimony is for the most part essentially cumulative, and after a careful reading of all the evidence in the case it does not seem probable that the testimony of Mrs. Orff would have changed the result. Under such circumstances a new trial should not be granted. *Woodis* v. *Jordan*, 62 Maine, 490; *Marden* v. *Jordan*, 65 Maine, 9; *Greenleaf* v. *Grounder*, 84 Maine, 50; *Michaud* v. *Can. Pac. Ry. Co.*, 88 Maine, 381.

The testimony of the other witnesses whose evidence is alleged to have been newly-discovered, was irregularly taken and cannot be considered by the court. A motion for a new trial on the ground of newly-discovered evidence will not be entertained unless accompanied by a statement under oath comprising the names of the witnesses whose testimony is desired and the particular facts they are expected to prove, with the grounds of such expectation. Evidence taken without such reasonable notice and information to the opposing party will not be received in support of such a motion. *Gilbert* v. *Woodbury*, 22

Maine, 246; *Merrill* v. *Shattuck*, 55 Maine, 374; *Gifford* v. *Clark*, 70 Maine, 94.

*Exceptions and motion overruled.*