FRANK X. FOURNIER *vs.* THE GREAT ATLANTIC & PACIFIC TEA CO.

JOSEPH W. HUTCHINS *vs.* THE GREAT ATLANTIC & PACIFIC TEA CO.

Penobscot.     Opinion December 16, 1929.

394

*A. M. Rudman,*
*Charles J. Hutchings,*
*Donald F. Snow,* for plaintiffs.
*Gillin & Gillin,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, PATTANGALL, FARRINGTON, JJ.

STURGIS, J.  The City of Brewer, having paid or become liable for compensation awarded the nominal plaintiffs for injuries alleged to have been received by them as a result of the negligence of an employee of the defendant corporation, brings these two actions under its right of subrogation given by the Workmen's Compensation Act in Sec. 26, Chap. 238 of the Public Laws of 1919, as

amended by Sec. 8 of Chap. 222, Public Laws of 1921. Tried together below, the cases come forward in one record on exceptions and general motions for new trials.

The two cases are given a single consideration on this review. It will extend only to a determination of the controlling questions of law and those which of necessity will be involved in further trials of the same or similar causes of action.

I. At the close of the testimony the defendant moved in both cases for directed verdicts on the ground there was no evidence that (1) the actions were brought by the employer under its statutory right of subrogation, or (2) that the employee filed written demands on the employer to pursue its remedy against the defendant, or (3) the employer refused so to do for ninety (90) days thereafter. The motions were denied and exceptions reserved.

The pertinent provisions of Sec. 8, Chap. 222, P. L., 1921, are:

> Sec. 26. When any injury for which compensation is payable under this act shall be sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act, or obtain damages from, or proceed at law against such other persons to recover damages; and if compensation is claimed and awarded under this act, any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person * *,
>
> The failure of the employer or compensation insurer in interest to pursue his remedy against the third party within ninety days after written demand by a compensation beneficiary shall entitle such beneficiary or his representatives to enforce liability in his own name * *."

Subrogation under this section is a matter of law. Without an assignment, the employer, upon paying or becoming liable for compensation awarded his employee for injuries received at the hands of a third person, is at once vested with the injured beneficiary's right of action against the wrongdoer, and an action may be brought either in the name of the employer or in the name of

the employee for the benefit of the employer. *Donahue* v. *Thorndike & Hix*, 119 Me., 20.

In the instant cases the plaintiffs, in their writs, each declared that his action is brought "for the benefit of the City of Brewer." They each aver that their award of compensation has been paid or liability therefor incurred by the City of Brewer and proof supporting this averment is plenary. With judicial knowledge of resulting legal subrogation, and nothing to the contrary appearing, it is to be inferred and must be presumed, we think, that the real plaintiff, in these actions (the City of Brewer), brings these suits under its right of subrogation. Further evidence on this issue seems unnecessary.

The defendant takes no more by the second ground advanced in support of its motion. The employer's right of action by subrogation, once vested by the statute, continues until and unless the employer fails to pursue its remedy for ninety days after demand by the compensation beneficiary. Failure to bring suit within the ninety day period is deemed an express waiver of the employer's right of action and the employee is then reinvested with his original right of action and alone can pursue it. In his suit, the issues involved "Center about tortious liability of the defendant." Waiver of the subrogated right of the employer need not be alleged or proved in an action by the employee. *Foster* v. *Hotel Co.*, 128 Me., 50.

In an action by the employer under his right of subrogation, the same principles must apply. The action is the common-law action of the employee assigned by law to the employer. *Insurance Co.* v. *Foss*, 124 Me., 399. The issues of fact there, as in a suit by the employee, pertain to the "tortious liability of the defendant" and allegations or proof of nonwaiver of the employer's right of subrogation are as unnecessary as like allegations and proof of waiver are in actions by the employee. Nonwaiver is a matter of defense with the burden upon the defendant to prove it.

The motion for directed verdicts in these suits was properly denied by the presiding Justice.

II. In the suit in the name of Frank X. Fournier, the plaintiff, in his original declaration, specifically describes his injuries in these words: "he was violently knocked to the ground and dragged

by said automobile of the defendant thereby dislocating the right knee and rupturing the ligaments of the leg of said Frank X. Fournier and causing shock and multiple abrasions especially of the legs and back of the said Frank X. Fournier * * ; and that thereby he, the said Frank X. Fournier, was caused to have and endure great pain and suffering for a long space of time and is still enduring great pain and suffering and will continue to endure great pain and suffering and has been unable to follow his course of employment or do any work whatsoever and will be unable to do any work for a great space of time, and has been obliged to expend large sums of money for nursing, hospital care and doctors and will be obliged to continue to expend large sums of money for hospital care and doctors, medicine and medical supplies * *,".

In the course of the trial, upon this pleading, the presiding Justice, against the objection of the defendant, admitted and refused to strike out on motion, evidence tending to prove that the plaintiff's injuries were permanent. Exceptions were taken. At recess, immediately following, against objection with exception reserved, an amendment was allowed adding. an allegation that "said injuries are permanent." The evidence of permanency of injuries, previously admitted, was not re-offered.

The distinction between general and special damages and the necessity of a special averment to permit proof and recovery of special damages is well settled. General damages, that is, such as naturally, logically and necessarily result from the injury complained of, need not be specially pleaded but may be proved and recovered under a general allegation of damage. *Hunter* v. *Stewart,* 47 Me., 419. To permit recovery of special damages they must be specially averred. *Brown* v. *Linn Woolen Co.,* 114 Me., 266; *Tyler* v. *Salley,* 82 Me., 128; *Thoms* v. *Dingley,* 70 Me., 100; *Furlong* v. *Polleys,* 30 Me., 491.

So, too, with proof of special damages. Without allegations of special damages, the plaintiff can prove only such damages as are the necessary as well as the proximate result of the acts complained of. *Veazie* v. *Moor,* 14 How. (U. S.), 568; *Tomlinson* v. *Derby,* 43 Conn., 562; *Adams* v. *Gardner,* 78 Ill., 568; *Brown* v. *Cummings,* 7 Allen (Mass.), 508; *Roberts* v. *Fitzgerald,* 33 Mich., 4; *Gumb*

v. *St. R. Co.*, 114 N. Y., 411; *Stanfield* v. *Phillips*, 78 Pa., 73; 1 Chitty on Pleading, 16 Am. Ed., 411; 2 Greenleaf on Evidence, Sec. 254; 17 Corpus Juris, 1004.

The crucial question upon this branch of this case is whether a permanent injury in an action of negligence for personal injuries is to be deemed general or special damages. The question has not been decided in this State.

In Massachusetts, where, by Public Statutes, Chap. 167, Sec. 94, the ad damnum is a sufficient allegation of damage in all actions of tort in which special damages are not claimed, in *McCarthy* v. *Boston Elevated Railway*, 223 Mass., 568, 573, a claim for permanent injury was regarded as general damages to be recovered under the ad damnum.

The same view is taken in Illinois. In *West Chicago St. R. R. Co.* v. *McCallum*, 169 Ill., 240, that court affirming its earlier decisions, reaches the conclusion that the jury may award damages for permanent injury not specially alleged, upon the reasoning that the permanency of the plaintiff's injury is merely evidence to be considered by the jury in determining its severity and the plaintiff is not required to set forth in his declaration the evidence upon which he relies.

The weight of authority, however, seems to support a different rule. In 17 Corpus Juris, 1012, under the title of Damages, the editor writes: "If it is expressly averred that the injuries are permanent, proof thereof is, of course, admissible; but such an express averment is not necessary, where facts, from which the permanency of the injury will necessarily be implied, are alleged. Where a permanent disability is, however, not a probable result of the injury alleged, there must be a special averment in order that there may be a recovery therefor."

In Thompson on Negligence, Vol. 6, Sec. 760, we find it said, "It is not required that the complaint should specifically allege that the injuries are permanent where a fair construction of the allegations shows this fact, such damages being regarded as general and not special."

In *Kaiser* v. *Detroit United Railway*, 167 Mich., 288, that Court says: "The rule is well settled that a claim for permanent injury must be plainly averred in the declaration, either in exact words

or by an equivalent statement of facts and circumstances from which such result naturally and necessarily follows. Where a statement of the nature of the injury contains in its allegations which indicate it must necessarily be permanent, like the loss of an arm, leg, or eye, there can be no misunderstanding or surprise, and in such cases permanent injury would be sufficiently pleaded; but in the case at bar the injuries stated in the declaration are not such as to be necessarily permanent, and there is no averment in exact language that such is the case. * * In the absence of proper averments in the declaration there can be no recovery for permanent injuries and it was error for the Court to charge the jury that damages could be awarded therefor."

In *Denton* v. *Ordway*, 108 Iowa, 487, the petition not alleging the injuries complained of to have been permanent, the admission of testimony of a physician that the injury "would likely be permanent" was held erroneous and prejudicial.

In *MacGregor* v. *Rhode Island Company*, 27 R. I., 85, the conclusion of that court upon the question is "The declaration contains no averment of permanent injury, and while such an averment is not required when it appears from the nature of the injury that permanent incapacity must inevitably result, yet the rules of good pleading require such an averment when the injuries complained of are not necessarily permanent in their nature.

"Thus in 1 Chitty, 16th Am. Ed., Sec. 411, the rule is thus stated: Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it. This is but an amplification of the familiar rule of pleading that special damages must be specially averred. In the case of an injury resulting, for example, in the loss of a limb or of an eye, it is obvious that the element of permanency is necessarily implied in the very description of the injury and consequently an averment to that effect is not requisite. But there are many injuries the description of which shows that their permanence is merely probable, as well as many other injuries where permanence is more doubtful and more improbable, but neverthe-

less is within the bounds of possibility. We think it is no hardship to require a plaintiff in such cases to aver permanence if he wishes to offer evidence of it."

In *Wallace* v. *New York City Ry.*, 92 N. Y. S., 766, the ruling is: "The Justice erroneously admitted evidence tending to show that certain injuries suffered by plaintiff were permanent, although that fact was not pleaded. We are bound to assume that the evidence thus erroneously admitted enhanced the verdict to some extent, although, of course, we cannot tell precisely by how much."

In *Green* v. *Johnson*, 110 N. Y. S., 104, the plaintiff alleged that "she suffered a fracture of three ribs and an injury to her back, and was otherwise injured, bruised, and wounded, so that she became sick, sore, and disabled, and so remained, and has ever since been, and will for a long time to come, be prevented from attending to her business, etc." Upon a motion for a bill of particulars as to, among other things, whether each injury was claimed to be permanent, that court says the allegations of the complaint are insufficient to warrant a recovery for permanent injuries.

As a forerunner of the New York cases just cited, the dissenting opinion of Ingraham, J., in *Lynch* v. *Third-Avenue R. Co.*, 13 N. Y. S., 236, presents a well-reasoned and convincing consideration of this question of pleading permanence, reaching the conclusion, that upon the facts alleged in that case, the law could not imply permanent injury, hence permanent injuries must be particularly specified in the declaration or the plaintiff will not be permitted to give evidence of them at the trial.

We think the majority rule should be applied in this state. It is consistent with the general rules of pleading damages and the admission of evidence thereunder. It has the support of sound reasoning and the weight of opinion. Applying it to the allegations in the instant case, for lack of special averment, evidence of the permanency of Mr. Fournier's injuries, when offered, was not admissible. It does not necessarily follow from what was originally alleged that his injuries are of a permanent character. That result may follow but it is not a necessary result which can be implied by law.

It is urged, however, that this error was cured by the amendment later offered by which allegations of permanent injuries were

added to the original declaration. This contention can not be sustained. The general rule that amendments, not introducing a new cause of action, may be made to conform pleadings with proof, at any stage of the trial, is well settled. *Kelley* v. *Bragg*, 76 Me., 207 ; *Waiczenko* v. *Oxford Paper Co.*, 106 Me., 110 ; *Charlesworth* v. *American Express Co.*, 117 Me., 222. But allowable as the introduction of such an amendment may generally be, it can not cure the error of the prior admission of evidence admissible only under the amended allegations. The common-law rule is that the right to amend pleadings so as to conform them to proof must be exercised prior to the introduction of the proof, if that, when offered, be objected to on the ground of variance between pleading and proof. 1 Enc. Pleading and Practice, 585 ; 31 Cyc., 452 ; *Rogers* v. *Union Stone Co.*, 130 Mass., 581 ; *Beard* v. *Tilghman*, 66 Hun (N. Y.), 12. Had the plaintiff, after the amendment was allowed, again introduced its proof of the permanency of Mr. Fournier's injuries, the evidence would have been admissible.

In the suit of Frank X. Fournier the verdict was for $8,333.70. In the words of the court in *Wallace* v. *New York City Ry.*, supra, "We are bound to assume that the evidence thus erroneously admitted enhanced the verdict to some extent, although, of course, we can not tell precisely how much." This exception must be sustained.

III. As already noted, exception was reserved to the allowance of the amendment in the Frank X. Fournier suit by which an allegation that the "injuries are permanent" was added to the original declaration. A similar amendment was allowed against objection with exception reserved in the Joseph W. Hutchins suit. Both exceptions are brought forward in the Bill and relied upon in argument.

The record discloses that the primary objection of the defendant to the allowance of these amendments was on the ground of surprise. The statement of counsel for the defendant was:

"If the amendment is to be allowed in view of the statement that I am surprised, I will ask for a continuance permitting me an opportunity to ascertain exactly what the available evidence is on the point and to produce such as is available that I have not at hand."

The record of the rulings of the Court is:

"Motion to amend the writ granted and allowed. Exceptions for the defendant in each case."

The single inference remains that the presiding Judge failed to rule on the defendant's equivalent for a motion for a continuance, and the trial proceeded with an intention and understanding on the part of Court and counsel that the defendant's rights were preserved by the allowance of the exceptions to granting the amendments.

In fact and circumstance, the situation thus arising in these cases finds close analogy in those recorded in *Charlesworth* v. *American Express Co.*, supra. In that case, during the progress of the trial, plaintiff's counsel sought to introduce evidence of injuries not alleged in the original declaration. Contrary to the practice followed here, the presiding Justice there excluded the evidence.

Amendment conforming pleading to proof was then offered and allowed. Counsel made no objection to this allowance but immediately presented a motion for continuance on the ground of surprise. This motion was overruled and exception noted.

On review this court held that the exception in that case must be sustained on the ground of surprise, the additional allegation introduced by the amendment being an important one, opening a new and wide field of investigation.

There seems to be no fixed rule of practice in this State governing trial situations such as arose in the instant and the cited case. The practice followed in *Charlesworth* v. *American Express Co.* is an approved practice but no statute or rule of court makes it exclusive. The orderly and speedy conduct of the trial may be preserved and a just result obtained by following the practice resorted to here. An objection, on the ground of surprise, to the allowance of an amendment, made to conform pleading and proof, and perfected by exception, as effectually raises the question of unjust and prejudicial abridgment of the adverse party's rights as does an exception to a refusal to grant a continuance on like grounds.

The granting of an authorized amendment is recognized as a matter of judicial discretion. It must, however, be, as was said in

the Charlesworth case, "Sound discretion exercised according to the well established rules of practice and procedure, a discretion guided by the law, so as to work out substantial equity and justice," and, if palpable error has been committed or an apparent injustice has resulted, the discretionary ruling is reviewable.

In the instant cases the learned Judge exceeded, we think, the bounds of sound judicial discretion. To have ruled upon and granted the motions for continuance with an allowance of the amendments offered, would have preserved the rights of all parties and worked out "substantial equity and justice." To withhold a ruling upon the motion for continuance and allow the amendments against the defendant's objection on the ground of surprise, introduced a right of proof and recovery of substantially increased damages without giving the defendant reasonable opportunity to investigate the facts and prepare its defense. This was prejudicial error and entitles the defendant to new trials in both cases.

Upon these conclusions, it is unnecessary to consider the other exceptions or the motions. The entry must be in each case,

*Exceptions sustained.*