JOHN C. HANSON *vs*. CASCO LOAN AND BUILDING ASSOCIATION.

Cumberland.     Opinion, March 23, 1934.

*Howard Davies*, for plaintiff.
*Ralph M. Ingalls*,
*Edward J. Harrigan*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   An action at law was referred to two Justices, under a rule of court, with no right of exceptions reserved. Thus, by agreement of the parties to the suit, they submitted the cause to a tribunal of their own selection.

Full hearing of testimony by both parties and their witnesses was had, and a report was issued on June 6, 1933. Subsequently, on June 29, of that year, plaintiff filed a motion for a voluntary

nonsuit. The motion was denied, and exceptions taken and allowed.

In his brief plaintiff objected to denial of the motion "without hearing."

The rule in this State is thus expressed, in *Washburn* v. *Allen*, 77 Me., 344, "The plaintiff, before opening his case to jury, or to the court, when tried before the court without the intervention of a jury, may become nonsuit as a matter of right; after the case is opened, and before verdict, leave to become non-suit is within the discretion of the court; after verdict there can be no non-suit."

Under the foregoing rule, a hearing and report of Referees is equivalent to a finding by a single Justice or the verdict of a jury. Hence we hold that when, as in this case, report of Referees has been filed, it is the duty of the Court to deny a plaintiff's motion for voluntary nonsuit, and in doing so without hearing there is no abuse of judicial discretion.

*Exceptions overruled.*