NELLIE M. BOURISK *vs*. THE MOHICAN COMPANY.

JOHN M. BOURISK *vs*. SAME.

Androscoggin.     Opinion, November 17, 1934.

208

*Harris M. Isaacson,*
*Benjamin L. Berman,*
*David V. Berman,* for plaintiffs.
*Locke, Perkins & Williamson,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.   These actions for negligence, by agreement of the parties, were referred under rule of court with the right of exceptions to rulings of law reserved. The Referees found for the defendant. At the next term, the plaintiffs moved that the Referees' report be recommitted for further hearing upon the grounds of newly-discovered evidence. The motions were granted and exceptions reserved.

The plaintiffs' motions to recommit allege that since the former hearing an unnamed witness, now resident in another jurisdiction, has been discovered who saw the accident out of which these actions arise and can testify as to material facts supporting the plaintiffs' claims. The motions give a resume of "the facts to be developed by such newly discovered evidence," but do not otherwise state the particular facts the witness is expected to prove or the grounds of such expectation.

The bill of exceptions shows that no transcript of the evidence offered at the former hearing was prepared or available. The Referees made no findings of fact in their reports. The motions were supported only by the testimony of one of the attorneys of record for the plaintiffs who, taking the stand as a witness, against objection, was allowed to summarize a part of the evidence taken out before the Referees and state his opinion of its scope and effect. He testified that he was unable to locate the newly discovered witness before or during the hearing, but later did so, obtained a personal interview and took a written statement from him. Although opposing counsel requested that the statement be produced, the court made no order and it was withheld. The attorney was asked to repeat the statement made by the new witness and his answer was, "We sincerely and in good faith believe that this witness will substantiate the following statement of facts," which were then recited at length. The attorney further stated that in his opinion the testimony of the new witness "may well support the plaintiffs' burden of proof" of the disputed allegations, and "may cause a different conclusion to be arrived at by the triers of fact." He asserted that this testimony would lay a foundation for the introduction of pertinent evidence not otherwise admissible.

Upon a consideration of the pleadings and report and the sworn statements of counsel as already outlined, the presiding Justice

ordered the cases recommitted to the same Referees "for further hearing of the newly discovered evidence and such other evidence as the newly discovered evidence makes material and admissible."

It was early decided and has been since uniformly held that reports of referees made under a rule of court, pursuant to the statute, may be recommitted by the court from which the rule issued. The practice of recommitting reports has not been "confined to the amendment of mere matters of form, but has extended to the substantial merits of the matter in controversy whenever a re-examination of the whole subject has been deemed expedient." *Cumberland* v. *North Yarmouth*, 4 Me., 459; *Harris* v. *Seal*, 23 Me., 435, 437; *Mayberry* v. *Morse*, 39 Me., 105; *Farmers' Union* v. *Hunt*, 117 Me., 217, 103 A., 164. "Newly discovered evidence may be a good reason for a recommitment." *North Yarmouth* v. *Cumberland*, 6 Me., 21, 25.

The question of recommitting a report of referees is addressed to the discretion of the Court, and it has been held in some cases that an order to recommit is not open to exceptions. *Walker* v. *Sanborn*, Me., 288; *Farmers' Union* v. *Hunt*, supra. That statement of the rule is too broad. The discretionary power of the court to recommit reports of referees for further consideration "must be exercised judicially and upon consideration of the facts and circumstances of the case." *Long* v. *Rhodes*, 36 Me., 108. And it is well settled that judicial discretion must be exercised soundly according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. When some palpable error has been committed or an apparent injustice has been done, the ruling is reviewable on exceptions. *Charlesworth* v. *American Express Company*, 117 Me., 219, 103 A., 358; *Fournier (Hutchins)* v. *Tea Company*, 128 Me., 393, 148 A., 147. It is when judicial discretion is exercised in accordance with this rule that it is final and conclusive. *Chasse* v. *Soucier*, 118 Me., 62, 63, 105 A., 853.

The submission of cases to referees is and has long been a common practice. It permits the parties to have their controversies heard in a tribunal of their own selection and more or less at their own convenience. If the submission is general and unrestricted, it

ensures a speedy and generally satisfactory termination of the litigation. This is usually true even when exceptions on questions of law are reserved. A hearing and report of referees is equivalent to a finding by a single Justice with jury waived, or the verdict of a jury. *Hanson* v. *Loan Association,* 132 Me., 397, 171 A., 627. The report, as the decision of the referees selected by the parties to determine their controversy, is *prima facie* correct. *Long* v. *Rhodes,* supra. A motion to recommit the report is similar to a motion for a new trial at common law. *Harris* v. *Seal,* supra. Motions for new trials in actions allowed to proceed regularly to trial in the courts must follow and conform with the rule of court and provisions of the statute. Rule XVII; R. S., Chap. 96, Secs. 59, 60. Except as limited by the rule or statute, however, common law rules of practice and procedure remain in force. We are of opinion that motions to recommit reports of referees on the ground of newly discovered evidence should conform substantially in form and substance and be supported by the kind and degree of proof required on motions for new trials addressed to the trial or appellate courts. The established rules of practice and procedure applicable thereto should be followed.

Measured by these rules, the motions to recommit in the cases at bar are insufficient in themselves and furnish no basis for the introduction of the evidence offered in their support. The name of the new witness was not disclosed. The statement of the facts expected to be proved was of doubtful particularity. The rule is, "A motion for a new trial on the ground of newly discovered evidence will not be entertained unless accompanied by a statement under oath comprising the names of the witnesses whose testimony is desired and the particular facts they are expected to prove, with the grounds of such expectation. Evidence taken without such reasonable notice and information to the opposing party will not be received in support of such a motion." *Fitch* v. *Sidelinger,* 96 Me., 70, 51 A., 241; *Kelley* v. *Thibodeau,* 120 Me., 402, 406, 115 A., 162.

When newly discovered evidence is the ground relied upon in a motion for a new trial, the evidence "must be of such character, of such weight, and of such value as to make it appear to the Court, not that a different conclusion necessarily must be reached, but in

probability that an unlike verdict would be arrived at, were the case to be tried anew." *Rodman Company* v. *Kostis,* 121 Me., 90, 115 A., 557, 558.

In *Brann* v. *Vassalboro,* 50 Me., 64, it is said that,

"It is necessary in motions for new trials, on the ground of newly discovered evidence, not only to present the evidence alleged to have been newly discovered, but also a full report of the evidence produced on the former trial, that the Court may be able to determine whether the additional facts proposed to be proved, are in fact *new evidence,* and also whether, if admitted in connection with that before in the case, a different result would have been produced."

In *State* v. *Verrill,* 54 Me., 581, 584, this court said:

"The general rule, founded alike in reason and experience, which regulates the exercise of judicial discretion upon a motion for a new trial on account of newly discovered evidence, requires that the evidence shall be distinct in its character from the evidence introduced at the trial, and not cumulative, that it could not have been known to the party by proper diligence, that it appears to the Court to be true, and is calculated, with the other evidence, to reverse the verdict. If either of these requirements is wanting in the evidence offered, a new trial will not be granted. It is not the business of courts to relieve parties from the consequences of their own negligence, or of the unskilfulness of their counsel, and it would be a mockery of justice to send back a case for a second trial, upon newly discovered testimony, which ought not to influence the action of a jury, or to ask a jury to pass upon evidence which the Court itself has not probable grounds for believing, and which is insufficient to change the result. Hence, in determining the question before the Court, it becomes necessary carefully to scrutinize, not only the new evidence offered, but also the evidence introduced at the trial."

It is unnecessary to cite other authorities. The reported decisions of this Court uniformly affirm the rule that new trials can not be granted on the ground of newly discovered evidence in the absence

of a report of the evidence produced on the former trial and a determination that the additional evidence offered is in fact new evidence.

It seems proper to add that we entertain grave doubts as to the weight and sufficiency of the proof offered in support of the motions in the cases at bar. It did not rise even to the dignity of hearsay. Counsel interpreted its purport and asserted its probative value, and no more. We know of no rule of necessity which justifies a resort to such inconclusive proof as a substitute for the testimony of the alleged newly discovered witness taken out by deposition or other approved method. Whether the purported new evidence was in fact newly discovered, we do not decide.

The rules of practice and procedure were not complied with in the trial court. The ruling must be set aside on these exceptions. The entry is

*Exceptions sustained.*